12248

IN RE WILSON. ATLANTIC LIFE INSURANCE COMPANY v.

CARR *ET AL.*

(139 S. E., 171)

1. Judgment—Express Provision in Decree at Variance with Part of Prayer Prevails, Though the Decree by Reference Grants the Prayer.—Rule that decree may by reference convert into a judgment plaintiff's demand in the complaint is limited to matters not specifically referred to in the decree, and where, notwithstanding the reference, there is an express provision in the decree at variance with part of the prayer, the express provision prevails.

2. Mortgages—Purchaser at Mortgage Foreclosure Need not Look Behind the Decree for Anything Inconsistent with its Express Provision.—As respects right to have proceeds of sale applied to prior incumbrances, while purchaser at mortgage foreclosure practically by her purchase makes herself a party to the foreclosure suit and is assumed to have notice of all things disclosed by the record, she need not, as to a matter specifically treated by the decree, seek behind it for a possible inconsistency between it and some finding which has preceded it.

3. Mortgages—Purchaser at Mortgage Foreclosure Sale, Under Decree Requiring Deduction of Taxes and Assessments From Proceeds, Could Assume that Unmatured Assessments Would be

In Re Wilson. Atlantic Life Ins. Co. *v.* Carr *et al.* 61

60]                    Spring Term, 1927

Taken Care of.—Where decree in mortgage foreclosure specifically provided that the proceeds of sale after deduction of fees and costs and "taxes and assessments" be applied to mortgage debt, purchaser at sale was justified in assuming that all of the assessments, including unmatured installments, would be taken care of out of the proceeds, though the decree had generally confirmed the master's report and made it the judgment of the Court, and the report had recommended that the prayer of the complaint be granted, and that prayer was that, after deduction of costs and expenses and the "taxes and assessments due and payable," proceeds of sale be paid to mortgagee.

Before Shipp, J., Florence, May, 1926.  Reversed.

Lizzie D. Wilson, purchaser at a mortgage foreclosure sale in a suit by the Atlantic Life Insurance Company against Irvin P. Carr and others, petitioned for payment from proceeds of sale of unmatured installments of assessment. From order denying the petition, she appeals. Reversed and remanded, with direction.

*Mr. C. T. McDonald,* for appellant.

*Mr. Wm. H. Smith,* for respondent, cites: *The decree may, by reference, convert into a judgment, the demand made by the plaintiff in his complaint:* 14 S. C., 573.

*Mr. L. E. Laughlin,* also for respondent.

August 22, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran:

This is an appeal from an order of his Honor, Judge Shipp, dismissing the petition of Mrs. Wilson (who was the purchaser of the property sold under foreclosure proceedings) that the master pay from the proceeds of sale certain unmatured installments of a paving assessment levied by the City of Florence upon the property.

It appears that the Atlantic Life Insurance Company brought proceedings against Irvin P. Carr and Ruby M. Carr to foreclose a mortgage upon certain property in the City of Florence, which had been given to secure a certain

note. The First National Bank of Florence was made a party defendant as the holder of a second mortgage upon the property given by the same mortgagors.

The case resulted in a decree of foreclosure sale, and at the sale Mrs. Wilson became the purchaser at $4,380. She complied with her bid, paid the purchase price to the master, and received a deed from him.

It then appeared that the property was subject to a lien for paving assessment; the amount of the total assessment was $731.77, $242.36 of which was due and unpaid at the time of the sale, leaving installments not then due amounting to $489.41. The purchaser contends that the unmatured installments, as well as that which is admittedly past due, should be paid out of the proceeds of the sale; else she will not receive what she bargained for, a title free from all incumbrances, and will be compelled to meet the future installments as they become due.

The main foreclosure case was referred to the master to hear and determine all issues of law and fact. His report does not appear in the record, but it is stated in Judge Shipp's order that the master recommended that the prayer of the complaint be granted; that prayer was that the proceeds of sale, after deducting the costs and expenses, a reasonable attorney's fee, and *the taxes and assessments due and payable,* be paid to the first mortgagee and the remainder distributed according to law. The decree of foreclosure confirmed the master's report and made it the judgment of the Court. The decree further specifically provided:

"That the proceeds of sale, after deducting the amounts of his fees and other costs incident to such proceeding, *including taxes and assessments*" and attorney's fees, "be applied by the said master to the mortgaged debt of the plaintiff herein, and that the surplus, if any, be paid to the defendants as their interests may appear."

It will be observed that while the prayer of the complaint refers to *"taxes and assessments due and payable,"* and the

In Re Wilson. Atlantic Life Ins. Co. *v.* Carr *et al.* 63

60] Spring Term, 1927

master's report by reference recommends the same, which is confirmed by the first part of the decree, the concluding part of the decree provides for the payment of "taxes and assessments" without limitation as to their maturity.

While it is true that, under the case of *Dial v. Gary,* 14 S. C., 573; 37 Am. Rep., 737, the decree may, by reference, convert "into a judgment the demand made by the plaintiff in his complaint," this declaration should be limited to matters not specifically referred to in the decree. If there should be a variance under these circumstances between the prayer for judgment and an express provision in the decree relating to the same matter, the decree should prevail.

There is no doubt but that the purchaser practically by her purchase made herself a party to the foreclosure suit (2 Black, Judg., § 549; *Ellis v. Woods,* 9 Rich. Eq., 19; *Kaminsky v. Trantham,* 45 S. C., 393; 23 S. E., 132), and is assumed to have notice of all things disclosed by the record. But we do not think that the purchaser should be required, as to a matter specifically treated by the decree, to seek behind the decree for a possible inconsistency between the decree and some finding which has preceded it.

The decree requires the master to deduct from the proceeds of sale "taxes and assessments"; that is to say, all taxes and assessments. Certainly a purchaser who might find such a provision in the decree would be justified in bidding upon the assumption that all taxes and assessments would be taken care of; that he would acquire as clear a title from them as from the first and second mortgages then being foreclosed.

The Courts should be particularly jealous of the integrity of judicial sales. A purchaser should be allowed to secure such a title as in reason he intends to secure, unless there should be a palpable failure on his part to exercise ordinary care to protect himself.

In this case it is clear that Mrs. Wilson never dreamed but that she was securing a title free from all incumbrances, and that by the terms of the decree she was justified in assuming that the unmatured installments, which constituted a lien upon the property, would be taken care out of the proceeds of the sale, else it is most probable that her bid would have been that much less.

We see no difficulty in the adjustment of the unmatured installments. The act provides (32 Stat., 1414) for interest upon deferred installments, and it also reserves the right of the abutting owner to anticipate any and all annual installments.

The judgment of this Court is that the order appealed from be reversed and that the case be remanded to the Circuit Court, with direction that the prayer of the petitioner be granted.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.