## 14563

### HOME BUILDING & LOAN ASSOCIATION v. CITY OF SPARTANBURG ET AL.

(194 S. E., 143)

354

362

364

*Messrs. Odom & Bostick* and *Esten C. Taylor,* for appellant, cite:

*Messrs. DePass ,& DePass,* for respondent, cite:

November 10, 1937.

The opinion of the Court was delivered by Mr. JUSTICE FISHBURNE.

On June 1, 1936, the defendant J. H. Rothrock, tax collector for the defendant City of Spartanburg, sold a parcel of land in said city to satisfy its claim for unpaid delinquent taxes assessed against the property for the years 1931, 1932, 1933, 1934, and 1935. Thereafter the plaintiff brought suit against the City of Spartanburg, and the other defendants named herein, in which he prayed: (a) That the tax sale of June 1, 1936, be declared illegal and void, and that the cloud be removed from off and over plaintiff's title; (b) that the lien for all taxes due and unpaid for the year 1933 and years prior thereto be declared barred by laches and the statute of limitations of the State of South Carolina; (c) that the penalties, execution costs, and commissions added to the taxes for the years 1934 and 1935 be declared illegal and stricken from said taxes; (d) that the Act of March 3, 1933 (38 St. at Large, p. 128), whereby it is sought to give the City of Spartanburg the authority to charge penalties different from those of other cities in the State of South Carolina be declared unconstitutional, null and void and of no effect; (e) that the defendants be restrained from issuing title to said property; (f) and for such other and further relief as to this Court may seem just and proper.

The case was tried before Hon. G. Dewey Oxner, Circuit Judge, who filed his decree, in which he sustained the main

contentions of the plaintiff, and granted the relief prayed for. The case is here upon appeal by the defendant.

We have given the most careful consideration to the issues raised by the defendant's exceptions, and have reviewed the applicable law. In a very able and exhaustive brief, the appellants, in the beginning of their argument, pay this well-deserved compliment to the trial Judge: "We wish to state at the outset that though we find ourselves in decided disagreement with practically all of the conclusions reached by the learned Judge by whom this case was heard, we are impressed after a careful reading of his decree, with the conscientious, painstaking and thorough consideration which the matters discussed therein have received at his hands, and which the lawyers of this State have come to expect from the Judge of the Thirteenth Judicial Circuit."

We are similarly impressed, and are convinced that the learned Circuit Judge in his decree has correctly disposed of all of the issues presented to him and now presented to us. We, therefore, adopt the decree of the Circuit Court as the judgment of this Court. Let it be reported.

The exceptions are overruled.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.