14576

*EX PARTE* KELLER

HUTTO *ET AL.* *v.* HUTTO *ET AL.*

(194 S. E., 15).

*Messrs. W. R. Symmes* and *W. C. Wolfe,* for appellants.

*Messrs. John S. Bowman* and *J. M. Moorer,* for respondent, cite:

November 30, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Appellant F. O. Hutto and his deceased brother, S. P. Hutto, owned as tenants in common several tracts of land, and the purpose of the original action in this cause was to divide the real estate so owned as between appellant and the heirs of S. P. Hutto.

During the proceedings, a consent order was signed and filed directing the special referee, Hon. J. A. Merritt, to sell all the real estate and hold the proceeds subject to

further order of the Court. The special referee complied with the order to the extent of advertising and selling the real estate.

There is involved in this appeal only one of the tracts of land, described in the complaint as tract No. 2, containing 200 acres.

On the day of the sale, tract No. 2 was bid in by one N. H. Bull for $5,000.00.

The special referee held the sale open for thirty days for other and better bids. Just before noon of the thirtieth day after the sale, the respondent, B. M. Keller, filed with the special referee a bid of $7,000.00 for tract No. 2, and accompanied his bid with a certified check for $246, which was in excess of 3 per cent. of his bid.

Immediately after the filing of the bid of respondent, and prior to noon, of the thirtieth day, appellant Hutto submitted a bid in the following form:

```
"No.  2 .............................. 1.00 high
 No.  7 .............................. 1.00 high
 No. 11 .............................. 1.00 high
 No. 12 .............................. 5.00 high
 No.  6 .............................. 1.00 high
                                "F. O. Hutto"
```

Appellant did not deposit with the special referee any amount in cash or by certified check, but on either the day following or the second day following his bid in the form above set out, deposited his personal check with the special referee in the sum of $350.00.

Under the above-related circumstances, the special referee declared the appellant Hutto, the last and highest bidder, the purchaser of the said tract No. 2 and entitled to receive deed therefor upon payment of his bid with the special referee construed to be $7,001.00.

Thereupon, the respondent petitioned in the cause of the Court of Common Pleas for Calhoun County setting forth

that he was the highest bidder, and entitled to have this tract of land conveyed to him upon the payment of the balance of the purchase price; that he had demanded of the special referee that he declare him (respondent) to be the last and highest bidder, and award him the bid and permit him to comply with the terms of the sale; that he had made a formal and legal tender of the balance of his bid and then and there demanded that the special referee execute and deliver to him a deed for said land; that notwithstanding all of the above, the special referee refused to accept the purchase price and execute to respondent a deed of the premises; and that respondent remained ready and willing to pay the balance of the purchase price—the balance of his bid. On this petition respondent prayed such orders as were necessary to compel the special referee to execute to him a deed of the said tract No. 2.

Based upon this petition, an order was issued out of the Court of Common Pleas commanding the special referee to show cause why the prayer of the petition should not be granted; and enjoining him from executing to any person, other than the respondent-petitioner, a deed of the premises.

The special referee made return on rules day under the order, so much thereof as is necessary to the issues now before this Court being as follows:

" *   *   *   A few, seconds before 12 o'clock noon on the 30th day after the day of sale the petitioner herein submitted a bid of Seven Thousand ($7,000.00) Dollars for the said tract of land and immediately thereafter before noon of the said day F. O. Hutto submitted a bid of One ($1.00) Dollar higher or Seven Thousand One ($7,001.00) Dollars as I construed the bid for said land and the said F. O. Hutto being at that price the highest and last bidder therefor.

"(2) I thereupon, as Special Referee, according to the said order of the Court, did declare the said F. O. Hutto the purchaser at said sale of said tract of land and he complied with the terms of sale by depositing with me a check

for Three Hundred Fifty ($350.00) Dollars as a guarantee of good faith."

"The said Special Referee having declared the said F. O. Hutto as the highest and last bidder at said sale and there being no evidence of any fraud or unfair dealings in the sale, it is now respectfully submitted, that the title should be made to F. O. Hutto and not to B. M. Keller, petitioner herein."

In the order granting the prayer of the petition of respondent, and from which order an appeal is taken to this Court, the trial Judge states: "At the hearing before me, petitioner contended that the Hutto bid should be rejected and declared void on the grounds, first, that his bid was so indefinite and uncertain as not to constitute a legal bid, second, that he made no deposit on the conclusion of the bidding, and third, that the check he deposited on the next or the day succeeding the next was not certified."

The order appealed from was bottomed upon petitioner-respondent's third contention, and respondent gave due notice that this Court would be asked to sustain the decree or order on all three grounds presented to the Court below.

There is little, if any, difference between appellant and respondent as to the questions raised by this appeal, and we adopt the statement of respondent of these questions:

"I. Was the bid of Hutto a legal bid which could be entertained by the Special Referee?

"II. If it was a legal bid, could Hutto be declared the highest bidder without having made any deposit upon filing it or immediately thereafter on the day of filing?

"III. Did the deposit of Hutto's personal check without certification thereof, regardless of when made, comply with the Decree of Sale and the Statute law of the State?"

The applicable portions of the decree directing the special referee to sell the real estate in question reads as follows:

"Now, on motion of W. R. Symmes, plaintiff's attorney, it is ordered that the lands herein mentioned be sold by an officer of this Court on the first Monday in March, 1937, to wit: J. A. Merritt, Esq., as Special Referee, for cash, during the legal hours of sale, according to law, giving due notice by advertisement of the time and place of sale and terms thereof, and that said Special Referee do execute to purchaser or purchasers a deed for the premises so sold; that the plaintiffs or any other person or persons may become a purchaser or purchasers at said sale, and if the purchaser or purchasers fail to comply with the terms of sale the Special Referee may advertise the premises for sale on the next or some subsequent sales-day, on the same terms, at the risk of the former purchaser or purchasers and so on until a compliance is had. That the purchaser or purchasers be let into possession of such lands upon the production of the Special Referee's deed.

"That from the proceeds of sale the Special Referee do pay the costs and expenses of this action with any lien thereon for taxes, and he do hold the balance until the further order of this Court.

"That the said cause be continued under reference for the purpose of ascertaining and determining the various interests of the parties to this action.

"That the Special Referee do require of the successful bidder or bidders three per cent. of their bid or bids immediately after the sale as evidence of good faith, and same to be applied on the purchase price in case of compliance and to be forfeited in case of non-compliance, and same to be paid in cash or by certified check, and in case said bidder fails to comply herewith same to be re-sold immediately on same terms at bidder or bidders' risk.

"That the bidding shall not be closed at said sale, but shall remain open for thirty days as required by law."

So much of section 1 (Act April 11, 1932, 37 St. at Large, p. 1529) as is applicable, and section 4 of the Act of

1932 (page 1530) as amended by the Act of 1933 (Act May 16, 1933, 38 St. at Large, pp. 511, 512, §§ 1, 2), governing and regulating judicial sales of real estate, are as follows:

"Section 1: From and after the approval of this Act, in all judicial sales of real estate the bidding shall not be closed upon the day of the sale, but shall remain open until noon of the thirtieth day after the sale, exclusive of the day of sale, within which thirty days period any person, other than the highest bidder at the sale or any representative thereof in foreclosure suits, may enter a higher bid upon complying with the terms of sale by making any necessary deposit as a guaranty of his good faith, and thereafter within such period any person other than such highest bidder at the sale or any representative thereof in foreclosure suits, may in like manner raise the last highest bid, and the successful purchaser shall be deemed to be the person who submitted the last highest bid within said period and made the necessary deposit or guaranty."

"Section 4. In no decree of sale or order thereunder hereafter rendered shall there be a requirement for a deposit of cash or other guaranty of good faith prior to the conclusion of the bidding at any judicial sale of real estate, and such deposit or guaranty as may be required at the conclusion of the bidding and of any person who thereafter raises the bid within the aforementioned period shall be five (5%) per centum of the bid or some lesser percentage thereof."

Was the bid of appellant a legal bid which could be entertained by the special referee?

The bid of appellant submitted in writing was "No. 2 .......... 1.00 high." In fact, by itself, this bid is unintelligible, but the Special Referee construed it as meaning that appellant was bidding $1 higher than ony one who had entered a bid up to the time this bid was filed. Had there been another or additional bid for $8,000, the bid of appel-

lant could just as well have been construed as a bid for $8,001.

A "public sale" is one made at auction to the highest bidder; a sale where all persons have the right to come in and bid. For this reason, the Courts have always been careful to guard against any irregularities in the conduct of a judicial sale. It must be held in a public place, and full and ample notice of the time and place of the sale and the terms thereof are required to be given. And the chilling of bids has often been the ground for vitiating a judicial sale.

As is stated in 35 C. J. 39, 40: "Since it is in the interest of justice that a judicial sale should be so conducted as to yield to the owner the best price that can fairly be had, free, fair and competitive bidding is contemplated at such a judicial sale, and the law does not tolerate any influence likely to prevent competition; * * * any conduct on the part of those actively engaged in the selling or bidding that tends to prevent a fair, free, open sale, or stifle or suppress free competition among bidders, is contrary to public policy, vitiates the sale, and constitutes ground for setting it aside upon the complaint of the injured party."

To recognize a bid in the form of that filed or made by appellant would tend to prevent prospective bidders from even entering a bid, since the effect would be that no matter what other persons may bid, the person or bidder who bids in this form is always the higher bidder by $1. To permit such a bid not only tends to chill other bids and prevent competition, but it is unfair to those who have taken of their time to investigate as to the value of the property offered for sale, and to attend the sale.

By the very act under discussion, the Legislature has undertaken to protect, as far as possible, mortgagors and mortgagor's distressed property from mortgagees who seek an advantage; and while this is not a

foreclosure sale, the principle of the conduct of all judicial sales is the same—the sale must be made upon free, fair, and competitive bidding.

We hold that the bid must be in a definite sum, since in no other way can it be said that the sale is conducted in a fair manner to all bidders.

The Courts should be and always have been particularly jealous of the integrity of judicial sales. See *First Carolinas Joint Stock Land Bank of Columbia v. McNiel*, 177 S. C., 332, 181 S. E., 21.

Having declared the bid of appellant illegal, it is not necessary for an affirmance of the decree appealed from to pass on the other questions raised in this case; but we think it well to also settle these at this time.

Could appellant be declared the highest bidder without having complied with the terms of the order of sale as to a deposit either at the time of his bid, or within a reasonable time thereafter, on the same day; and was the deposit of appellant's personal check, uncertified, regardless of when made, a sufficient compliance with the decree of sale and the statute law of this State?

We can see no advantage in discussing these questions separately.

It is the contention of appellant that the decree of sale contains requirements in reference to the highest bidder making a necessary deposit as a guarantee of his good faith, different from the provisions and requirements of the statute regulating judicial sales, and that therefore the statute must govern and not the decree.

This contention could be disposed of by merely calling attention to the fact that the appellant was a party to the action, and that it was on his motion that the order or decree of sale was made, and he is therefore bound by its terms even if it contained provisions, and conditions, as to bidders at the sale, not warranted by and different from the condi-

tions and terms laid down by the statute. Even if appellant had not been a party to the action originally, as a purchaser at the sale (it being the contention of appellant that he is the purchaser), he made himself a party to the suit, and is assumed to have notice of all things disclosed by the record, aspecially the terms and conditions of the decree of sale. See *In re Wilson (Atlantic Life Ins. Co. v. Carr et al.)*, 141 S. C., 60, 139 S. E., 171, and citing 2 Black, Jdg., § 549; *Ellis v. Woods*, 9 Rich. Eq., 19; *Kaminsky v. Trantham*, 45 S. C., 393, 23 S. E., 132.

Appellant's brief contains this statement: "We take it that it is beyond dispute that the provisions of and limitations contained in the pertinent statute control, and that a decree of sale must conform with such provisions of the law."

In Section 1 of the amended Act, it is provided that: "In all judicial sales of real estate the bidding shall not be closed upon the day of sale, but shall remain open until noon of the thirtieth day after the sale, exclusive of the day of sale, within which thirty days period any person, * * * may enter a higher bid upon complying with the terms of sale by making any *necessary deposit* as a guaranty of his good faith, and thereafter within such period any person * * * may in like manner raise the last highest bid, * * * and make the *necessary deposit or guaranty.*" (Italics added.)

Section 4 of the amended Act, if not directly, by implication recognizes the power of the Court in its decree of sale or order, to require a deposit of cash or other guaranty of good faith on the part of a bidder, the only limitation thereon and thereabout being that the decree or order shall not require a deposit of cash or other guaranty of good faith *prior* to the conclusion of the bidding, *and of any person who thereafter* raises the bid within the thirty-day period, as a prerequisite to bidding; and that the deposit required shall not exceed 5 per centum of the bid.

So that, it will be seen that this act merely modifies the previous power of the Court in the particulars above mentioned, and leaves to the discretion of the Court the form of deposit or guaranty, whether it be cash, cashier's check, certified check, or a bond or other security.

Section 4 of the Act in no wise conflicts with Section 1, since in the last-mentioned section it is provided that within the thirty-day period, "any person * * * may enter a higher bid upon complying with the *terms of sale* by making any necessary deposit," etc., and "any person * * * may in like manner raise the last highest bid * * * and make the *necessary deposit or guaranty.*" This section also recognizes the power of the Court to require a deposit in cash, certified check, or any other form of guaranty.

In the conduct of the sale of this tract of land, the special referee was not acting in a judicial capacity, but in a ministerial capacity as the arm of the Court to carry out its orders.

We quote from the case of *McMaster v. Arthur,* 33 S. C., 512, 515, 12 S. E., 308, 309: "We think the sale by the master was illegal for a different reason from that given by the petitioner. The master supplemented the order of the Court by a condition not found in said order, to-wit, that the land should be sold subject to the claim of the homestead. This addition to the order was made by the master on the day of sale, when Crawford & Co., attorneys of the petitioner, gave notice of this claim. But by what authority could the master thus supplement said order? We know of none; and, even admitting for this case, that, had the order been carried out according to its terms, the result might have been different, yet, said order not having been executed, the matter stands as if there had been no sale. It was a void sale, the master having no authority to sell as he did (*Baily v. Baily,* 9 Rich. Eq. [392], 395), and consequently the petitioner was not bound to pay in her bid."

In *Peoples National Bank of Greenville v. Hudson,* 179 S. C., 399, at pages 404, 405, 184 S. E., 102, 104, it is stated:

"The respondent Hunter was charged with notice of the terms of the decree of sale, and the Master had no authority to vary these terms. As was stated in *Parrott v. Dickson,* 151 S. C., 114, 148 S. E., 704, 706 [63 A. L. R., 965] : 'The order of sale was the chart which guided the Clerk of Court in making the sales therein ordered. * * * The order of sale was a public document, and all bidders, as well as other persons, were charged with notice of its terms.'

"Again in *Calder v. Maxwell,* 99 S. C., 115, 82 S. E., 997, a case involving a judicial sale, Mr. Justice Gage, speaking for the Court, says: 'The order of the Court is the blazed way for the officer to follow, and no other.'

"And in *Davis v. McDuffie,* 18 S. C., 495, a case also involving a judicial sale where the agent of a bidder claimed a verbal agreement with the Master not in accordance with the terms of the sale, and undertook to have such bidder's bid accepted, Mr. Justice McIver, writing the opinion of the Court, had this to say: 'If, on the other hand, the agreement she is seeking to enforce is the verbal arrangement made by her agent with the master on the day of sale, then she is not only asking the specific performance of an agreement for the sale of land which was not in writing, but, what is of more consequence, she is seeking to enforce an agreement which the Master had no authority whatever to make, for nothing can be clearer than that the master has no power to add to or vary the terms fixed by the Court in the order of sale. *Seymour v. Preston,* Speers, Eq., 481; *Baily v. Baily,* 9 Rich. Eq., 392.'

"The Act April 11, 1932 (37 Stat. at Large, p. 1529, § 1), as amended by Act May 16, 1933 (38 Stat. at Large, p. 511, § 1), distinctly recognizes the necessity of a strict compliance with the terms of the decree under which property is sold, in defining who shall be deemed to be the suc-

cessful bidder. We quote from said act: 'The successful purchaser shall be deemed to be the person who submitted the last highest bid within said period and make the necessary deposit or guaranty.' "

The requirement of the successful bidder is set forth in next to the last paragraph of the order of sale hereinbefore set out, and makes it unnecessary to repeat. The last paragraph does not refer to a deposit or guaranty, but merely provides that the bidding shall not be closed on the day of the sale, but shall remain open for thirty days in accordance with the requirement of the statute.

It follows that even had the bid of appellant been a legal bid, he could not be declared the highest bidder not having complied with the terms of the order of sale, bottomed upon the statute, by filing with the special referee the necessary deposit either in cash or certified check, immediately following his bid, or within a reasonable time thereafter on that day.

The order appealed from its affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.