14783

DePASS v. CITY OF SPARTANBURG *ET AL.*

(1 S. E. (2d), 904)

26

*Messrs. Johnson & Johnson,* for appellant,

*Messrs. DePass & DePass,* for respondent,

December 6, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff instituted this action in the Court of Common Pleas for Spartanburg County January 1, 1938, to set aside the sale of certain real estate by the tax collector of the City of Spartanburg, and to enjoin the city authorities from conveying title to the said property, and from taking any steps toward consummating the sale.

The complaint alleged that (omitting the formal allegations of the residence of the plaintiff, the corporate municipal capacity of the city, and the relation of the other defendants as officers of the city) plaintiff was at the time named therein, to wit, the sale of the property mentioned, the owner of two certain lots (described) in the City of Spartanburg; that the defendant J. H. Rothrock, the tax collector of the City of Spartanburg, advertised, under an alleged tax execution, and on July 7, 1937, sold the above-described property at public outcry, for alleged unpaid taxes for the years 1930, 31, 32, 33, 34 and 35, at which sale the property was bid in by the City of Spartanburg; that none of the said taxes constitute a debt due and owing to the defendants by the plaintiff; that plaintiff stands ready and willing to pay the taxes for the years 1934 and 1935; that the taxes for the years 1933, 1932 and 1931 were levied against the former owners of the property and, as shown by the annual supply ordinances of the City of Spartanburg, became due on or before June 1, 1933; that no levy by the tax collector, nor any other person in behalf of the city, was ever made on the said property, nor was it ever taken possession of, prior to the sale; that the lien for taxes for the year 1933 and the years prior thereto which the city had by law, had expired

before the said sale, and the city had no lien thereon for the said years; that under the statutes and the supply ordinances for the years 1934 and 1935, no penalty was named for the nonpayment of taxes for those years, but ten (10%) per cent. was added to the taxes without authority; that all of said taxes are charged against former owners, other than this plaintiff, for which charges the defendants have an adequate remedy, which through laches they have neglected to use; that the said sale is null and void; that defendants intend to convey title to this property to the City of Spartanburg, or its assigns, unless restrained.

Plaintiff prays: That the sale be declared to be illegal, null and void; that the lien for all taxes alleged to be charged against this property for the year 1933 and prior thereto be declared to have expired; that the penalty added to the taxes for the years 1934 and 1935 be held to have been charged without authority of law; that the defendants and their agents and servants and their successors be permanently enjoined and restrained from conveying title to the City of Spartanburg, or any other person, under and by virtue of said sale, and from performing any other acts toward the consummation of said sale.

To the complaint, the defendants demurred on the following grounds:

1. That it appears on the face of the complaint that this is an action to restrain the collection of taxes and penalties, and under Sections 2845 to 2847, inclusive, of the Code, the Court has no jurisdiction to grant any writ, order or process of any kind staying or preventing such collection.

2. That the complaint fails to state any cause of action as a basis for the relief prayed for, in that: (a) It does not appear that plaintiff has no adequate remedy at law by payment under protest and recovery under Sections 2845 to 2847, inclusive, of the Code. (b) It does not appear from the complaint that plaintiff has tendered payment of the taxes, penalties and costs constituting admitted liens against

the property described in the complaint. (c) It does not appear that the city council (naming them) and the city clerk and treasurer are necessary or proper parties to this action.

3. (a) It does not appear that the city council (naming them) and the city clerk are proper parties to the relief prayed for in this action.

Judge Greene, presiding in the Seventh Circuit, heard the case and in due time filed his order dismissing the demurrer and granting the relief prayed for.

The defendants appealed upon exceptions which need not be reproduced. Appellants' counsel state in their brief that the exceptions make the following questions for the attention of the Court:

1. Was it error for the Circuit Judge to hold that the complaint stated a cause of action for equitable relief by injunction?

2. Was it error for the Circuit Judge to pass final judgment upon the ultimate facts of the case without any proof or evidence to sustain such ultimate facts being offered?

3. Was it error for the Circuit Judge to grant an injunction without requiring a written undertaking on the part of plaintiff as required by Section 570 of the Code?

4. Was it error for the Circuit Judge to grant final judgment upon defendants' demurrer without according defendants the right to answer as a matter of course?

5. Was it error for the Circuit Judge to grant plaintiff any relief in equity without requiring the payment of all taxes, penalties and costs constituting admitted liens against the property at the time of the sale complained of?

The order of Judge Greene disposes of most of the issues raised by the questions proposed by appellants. Indeed, practically all of them have been disposed of by the decree of Judge Ozner adopted by this Court as its judgment in the case of *Home B. & L. Association v. City of Spartanburg*, 185 S. C., 353, 194 S. E., 143, in which case nearly every issue made by defendants in their demurrer and appeal, was

made and determined adversely to the contentions of defendants in this case.

The order of Judge Greene is satisfactory to the Court, and will be reported, along with the addition herein contained, as the judgment of the Court.

The issue made by the defendants' first question is expressly decided against them by the case of *Home B. & L. Association v. City of Spartanburg, supra.*

The issue propounded by the second question is, that it was error for the Circuit Judge to pass final judgment upon the ultimate facts without there being any evidence to prove such facts.

Thereabout Judge Greene said: "I find that the issues and the facts as plead in the verified complaint and admitted by the demurrer and in open court by the defendants' counsel whose answer is in default, in this case are substantially the same as those raised in the case of *Home Building and Loan Association v. City of Spartanburg;* that the tax sale was null and void in that there was no legal levy and seizure of the property; that the lien for taxes for 1933 and years prior thereto had expired; and that the penalties added to the taxes for 1934 and 1935 were charged without due legal authority. If defendants have any meritorious defense, they can proceed under Section 495 of the Code."

The defendants were apprised by the complaint of the issues upon which plaintiff relied. If they desired to make issues of facts, they had the opportunity by answer; but they elected instead to stand upon a demurrer predicated alone upon issues of law. In addition, the order of Judge Greene expressly gave them the right to apply for leave to answer under the provisions of Section 495 of the Code of Civil Procedure, 1932. They have not seen fit to adopt this course. The defendants then were in default. In the case of *Duncan v. Duncan,* 93 S. C., 487, 76 S. E., 1099, this is said (page 1102) : "Because a party in default cannot appeal directly to this court from the judgment against him. His

remedy is by motion in the cause, to vacate the judgment, under section 195 [now section 495] of the Code. *Gillian v. Gillian,* 65 S. C. [129], 133, 43 S. E., 386, and cases cited. Even then, an appeal will not be entertained from the order refusing such motion, unless the grounds of the motion strike at the foundation of the cause of action, or the power of the court to pronounce the judgment, *because the default admits the truth of every relevant fact well pleaded."* (Italics added.)

In the *Duncan case* there was a demurrer.

We think the exception is without merit.

Question 3 charges that it was error for the Circuit Judge to grant an order of injunction without requiring a written undertaking on the part of the plaintiff, as required by Section 570 of the Code.

It is true that that section provides that: " * * * When no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto."

It will be conceded that this requirement of the Code is mandatory and that it was error not to require the plaintiff in this action to give the undertaking; but it was harmless error. The defendant could collect damages under such written undertaking *only if "the court shall finally decide that the plaintiff was not entitled thereto."* (Italics added.)

The Court has decided that the plaintiff was entitled to the injunction because the tax sale was invalid for the reason stated in the circuit decree, and this Court affirms that finding of fact and conclusion of law. It would be doing a futile thing to reverse the order appealed from because the under-

taking was not given; this Court would still uphold the finding that the sale was illegal, null and void, and the defendants would not have suffered any damages.

The appellants suggest error to the Circuit Judge, by ██ their fourth question, that upon overruling the demurrer he gave final judgment, without giving them the right to answer as a matter of course.

Section 457 of the Code of Civil Procedure (Code 1932) provides that: "The only pleading on the part of the defendant is *either a demurrer or an answer.* * * * " (Italics added.)

In this case the defendants elected to stand on a demurrer which presented to the Court only questions of law. There was nothing in it to suggest to the Court that the defendant desired to answer over in order that they might set up defenses founded on facts. On the contrary, as already quoted from Judge Greene's order, he said: "I find that the issues and the facts as plead in the verified complaint and admitted by the demurrer and in open Court by defendants' counsel whose answer in in default in this case, are substantially, etc."

It was not obligatory on the Court to permit the defendants to answer over after the demurrer had been overruled, and this Court has held in *Sprunt v. Gordon,* 89 S. C., 426, 71 S. E., 1033, that it is usual to grant such leave, but that presupposes that motion for such leave has been made. We have no doubt that if such motion had been made to Judge Greene, predicated upon meritorious grounds, that he would have granted it.

The case of *Duncan v. Duncan, supra,* is full authority for, and in apt analogy with, the position which we take.

The fifth question propounded by defendants' brief ██ in support of their exceptions suggests that it was error for the Circuit Judge to grant any relief to the plaintiff without requiring payment of all taxes, penalties

and costs constituting admitted liens against the property at the time of the sale.

The Circuit Judge had held the lien of the city for the taxes for the year 1933 and the years prior thereto had expired and that the sale was invalid for those years. He had also held that the penalties added to the taxes for the years 1934 and 1935 were charged without due legal authority. He held that the sale was illegal, not only for that cause, but because there was no levy and the property was never taken into possession by anyone representing the city. The plaintiff alleged in his complaint that he "stands ready and willing to pay the principal tax, plus execution fee, plus 5 per cent. collector's charge for the years 1934 and 1935, or whatever amount the Court decrees to be just and proper." The Court has not enjoined the city from collecting the taxes due it. It has declared that the lien for taxes for certain years had expired before the sale, and that certain charges for other years were illegal; that as the sale was made without having made a lawful levy on the land, and without having taken possession, the sale was invalid and the defendants were enjoined from consummating the sale by conveying title.

The plaintiff alleged in his complaint: "That none of the above taxes or amounts constituted a debt due or owing the defendants by this plaintiff."

This allegation must be held to be admitted by the demurrer.

In the case of *Vallentine v. Robinson,* decided by this Court in an opinion filed July 6, 1938, and reported in 188 S. C., 194, 198 S. E., 197, this is found:

"A tax execution must issue against the true owner of the property [Syllabus].    *   *   *

"It is a common assumption that a tax execution is issued against the property; such is not the case; it is issued against the defaulting taxpayer. The assessed taxes are a debt due to the State by the owner of the property. Section

2569, Civil Code, 1932, declares that: ' All taxes, assessments and penalties legally assessed shall be considered and held as a debt payable to the State by a party against whom the same shall be charged.' "

The city has its right of action against the owners of the property when the taxes were assessed thereon. The Court could not in this case have ordered the present plaintiff to pay them as a condition precedent to bringing his action.

All exceptions are overruled and the order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.

### ORDER ON PETITION FOR REHEARING

*Per curiam.*

The action from which the appeal was taken was not one for the refund of taxes paid under protest, but was brought to restrain the defendants from making title to real property sold at an invalid tax sale. There can be no doubt that the lien for taxes for the year 1933, and years prior thereto, had expired when the sale was made; and there is no doubt that on that account the sale was invalid, and inasmuch as the sale included the taxes for the years 1934 and 1935, as to which the Circuit Judge held and this Court concurred in the finding that there had been no legal levy upon taking possession of the premises, the sale as to these years also was invalid.

It does not appear from the record that the Acts of 1937 (Act March 22, 1937, 40 St. at Large, p. 138), was called to the attention of the Circuit Judge, nor was it passed upon by him. It is now called to the attention of this Court.

It appears that that Act, by amendment to Section 2846 of the Code of Laws, 1932, provides that the provisions of that section relating to the payment of taxes under protest shall apply to the taxes due the cities and towns, as well

as the State and county taxes. By those provisions, the person paying taxes under protest is empowered to bring action to recover such payment.

It is hereby held that the opinion filed December 6, 1938, in so far as it relates to the taxes for 1934 and 1935 paid by the respondent, is controlling only in this case; and is not to be understood to foreclose to the City of Spartanburg any rights it has under the Act of 1937 in the collection of taxes due it, since the passage of that Act.

Let this order be reported along with the opinion.

This renders it unnecessary for a rehearing of the case.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate because of illness.