15570

GRIER *ET AL.* v. CITY COUNCIL OF CITY OF SPARTANBURG

(26 S. E. (2d), 690)

204

*Messrs. Perrin & Tinsley* and *Messrs. DePass & DePass,* all of Spartanburg, S. C., Counsel for Plaintiffs,

*Messrs. Odom, Bostick & Taylor* and *Messrs. Johnson, Johnson & Foster,* all of Spartanburg, appeared as Counsel for Respondents.

August 5, 1943.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court:

This action is in the original jurisdiction of this Court. It is a continuation of the tax troubles of the City of Spartanburg and its citizens. See *Home Building & Loan Ass'n v. Spartanburg,* 185 S. C., 353, 194 S. E., 143; *DePass v.*

*City of Spartanburg,* 190 S. C., 22, 1 S. E. (2d), 904; and *Rothrock v. Oakman,* 195 S. C., 123, 10 S. E. (2d), 345.

All issues of law and fact were referred to the Honorable Samuel L. Prince, outstanding attorney of Anderson, who held several references and received in evidence considerable testimony and many exhibits. His report is necessarily long being in fact concise, and a reading of it demonstrates the care and consideration which he gave the numerous questions presented, disposed of by him under thirteen separate headings.

The defendants withdrew their exceptions to the report but the plaintiffs have orally and by brief argued theirs under "questions involved" which we shall reproduce, setting forth under some of them pertinent excerpts from the Referee's report. No other portions of the latter will be discussed for all of it, except that questioned by plaintiffs in argument of their exceptions, stands confirmed of course and in all respects, and made the judgment of this Court.

The format of the following is from plaintiffs' printed brief.

QUESTIONS INVOLVED

*First Cause of Action*

1. Has the City of Spartanburg authority to levy and sell real property for taxes in the absence of a specific lien therefor?

Concerning this question the Referee concluded as follows:

"The attorneys for the plaintiffs insist that the function of the execution is limited to that of levy and sale of property upon which the tax is a lien. Now, the authority to make a levy and effect a sale of some of the property of the tax payer for the purpose of collecting the tax is one thing, and the having of a lien is another thing. This distinction is most clearly recognized in *Ebaugh v. Mullinax,* 34 S. C., 364, 13 S. E., 613; *Home Building & Loan Ass'n*

*v. City of Spartanburg,* 185 S. C., 313, 194 S. E., 139. The execution is not issued against the property: 'It is issued against the defaulting taxpayer.' *Vallentine v. Robinson,* 188 S. C., 194, 198 S. E., 197. Now the manner of collecting taxes by the County Treasurer and the extent of authority to collect taxes by levy is by statute vested in the City authorities in the collection of city taxes. (1942 Code, Section 7470.)

"I think the error of this position as taken by attorneys for plaintiffs is made to appear when we find nowhere in the statutes is the levy under the authorized execution made dependent upon there being a lien, and, in fact, if you should bodaciously lift all the sections, which give the State and County a lien, out of the Code, full authority for the issuing of the executions would still remain. I fail to find that the case of *Charleston Heights Co. v. City Council of Charleston,* 138 S. C., 187, 192, 136 S. E., 393, contains any holding inconsistent with this reasoning. In this Charleston case the duration of the lien was ended and the lots had been sold when the City Tax Collector made his levy under an execution against a former owner for taxes assessed against the former owner."

The foregoing quotation is well considered, fully justified by the cited authorities, and free from error. The holding of it is therefore confirmed. The statute creates a specific lien for taxes upon the property assessed and gives it certain priority, which lien expires, in the case of Spartanburg, after three years. Another and general lien on any property of the defaulting taxpayer may be created by a proper and timely levy of the unpaid tax execution, subject in priority to existing liens.

2. If the land of a taxpayer is wrongfully sold for taxes, must the municipality pay all sums of money or damages that said taxpayer is obliged to pay to clear his property from the encumbrance of the tax sale under Section 2850 of the Code (of 1932) and/or at common law?

Answering this question the Referee properly held that it was as much the duty of the plaintiffs, receivers in the liquidation of an insolvent corporation, to have the tax status of their properties determined by Court decision, as it was the duty of the municipal authorities; but even if this were not true, he found as a fact, unchallenged in argument, that the city had not acted oppressively and, on the contrary, had been considerate and indulgent of its taxpayers during the recent trying times, and had been in nowise hostile to the plaintiffs in this cause, so that even if Section 2850 of the Code of 1932 or equitable considerations generally indicate the allowance of special damages under appropriate conditions of seizure and sales under municipal tax executions, the facts disclosed in this proceeding would not warrant the award of counsel fees and costs to plaintiffs' attorneys.

Upon examination of these conclusions we are unable to find fault in them and their reversal is not indicated by the authorities cited, which have been carefully considered, hence the exception thereabout is overruled. Compare *Gasque v. Town of Conway*, 194 S. C., 15, 8 S. E. (2d), 871.

### Second Cause of Action

1. Has the City of Spartanburg authority to levy a retrospective tax where property has been left off of the tax books?

2. Has the City of Spartanburg by ordinance ever levied a retrospective tax on property left off of the tax books?

These questions can be better answered together. They are misconceived in their reference to "a retrospective tax." The levy of municipal taxes is applicable to property within the bounds of the municipality whether omitted from return or not, as found by the Referee. The words of the applicable statute, Section 7470, are that the annual tax ordinances apply "on all real estate lying within the corporate limits of said city," etc. This section of the Code further makes the assessment of property for

taxation for county and state purposes that of the municipality for its purposes, and Section 2718 is very plain that property not returned shall, upon discovery, be appraised for taxation and the taxes are collectible for preceding years. *Milster v. Spartanburg,* 68 S. C., 26, 46 S. E., 539. There is no merit in plaintiffs' contention upon this point.

### Third Cause of Action

1. Does the City of Spartanburg have any rights or is a trust created for its benefit under a foreclosure decree to which it is not a party, where the decree provides that the taxes are to be paid out of the proceeds of the sale, and the surplus, after paying all costs, are turned over to the purchaser at his request?

For the reasons stated by the Referee in his following quoted findings and conclusions, they are confirmed.

"In the matter of this question, it will be observed that the decree in foreclosure under which Mechanics purchased (Mechanics was the plaintiff bringing the foreclosure proceeding) was granted in 1936 in a proceeding against Nina and Richard Lewis. City taxes for five years, including those for the year 1936, were at the time of the granting of the decree all due and payable. The order of the Circuit Judge provided that the proceeds of sale were to be disbursed first to the payment of costs and that these costs should include any taxes then due and payable. The Court did not limit the decree to taxes then due and payable and then constituting a lien upon the property, however, in the foreclosure proceeding no obligation rested upon the plaintiff to have the mortgaged premises used for the purpose of paying taxes which were not a lien upon the mortgaged premises and, therefore, under the circumstances of the granting of this decree we must, of necessity, limit this expression 'taxes due and payable' to mean taxes due and specifically payable out of this mortgaged property by reason of some lien which the tax constituted on the mortgaged

property. Therefore, it is my conclusion that in the fall of 1936 this decree required the payment of the 1936 taxes, those of 1935, and those of 1934, but not those for 1933 and prior years, because the lien for the taxes for the year 1933 had expired June 1, 1936, and at the time of the decree and sale and settlement the lien for the taxes for the years 1933 and prior years had ceased. Now, it is to be observed that the Master did not make the plaintiff pay in the full amount of its bid, to wit: Six Hundred and Fifty ($650-.00) Dollars, but did require the plaintiff to pay in Thirty-two ($32.00) Dollars, which was sufficient to cover all the costs excepting the taxes, and then permitted the plaintiff's attorneys to receipt him, the Master, for the remainder of the bid, to wit: Six Hundred and Eighteen ($618.00) Dollars, this remainder to be applied by the plaintiff upon plaintiff's judgment and costs. The costs which are referred to in the receipt means taxes due and payable and constituting a lien upon the mortgaged premises at the time of the sale. Here we have a lien upon the premises being sold. The lien is not discharged. The purchaser holds back enough of his agreed purchase price to take care of this particular lien. Prior liens do not absorb or exhaust these funds so deducted from the purchase price, therefore, under the case of *Dargan v. McSween,* 33 S. C., 324, 11 S. E., 1077, 1081, which I discussed more fully in the report of the *Darden case,* it is my opinion that the plaintiffs-receivers have in their possession this money, or the property which represents the money, or proceeds from the sale price of this property, more than sufficient to pay off these taxes for three years, and that the receivers are in equity and law due to pay these taxes."

\* \* \* \* \*

"It is, therefore, my conclusion that when in this foreclosure proceeding this property was conveyed to Mechanics that the facts and circumstances raised or created a constructive trust and the property was held by Mechanics, bur-

dened with the obligation on Mechanics to pay these city taxes for the years 1934, 1935, and 1936, and that this was true whether it thereafter be said that the specific lien which the city had held had ceased by reason of a limit upon its duration or not. Therefore, this claim against the receivers is one which should be paid as a secured claim and not just a general debt of Mechanics".

As pointed out, the foreclosure decree in question required the Master to disburse the proceeds of sale, "First, to the costs of this action, including any taxes due and payable." However, it is noted that the Referee restricted his finding of liability upon plaintiffs to the payment only of taxes which constituted, at the time of sale, a specific lien upon the mortgaged property. Compare, *In re: Wilson,* 141 S. C., 60, 139 S. E., 171.

### Sixth Cause of Action

1. Has the City of Spartanburg a right or cause of action to bring a personal suit for taxes against the taxpayer for a period of ten years from their due date or is such suit limited to a period of six years?

Plaintiffs strongly argue in support of their contention that the city may recover upon personal liability for unpaid property taxes over a period of only six prior years and urge the statement of this Court to that effect in the opinion in *Milster v. City Council of Spartanburg,* 68 S. C., 26, 48 S. E., 539, decided in 1904.

However, close examination of that case is convincing that it is not authority on the point. In the first place it was not an issue for decision but was alluded to as an analogy for guidance in applying the rule of laches in a mandamus proceeding. The decision was made without reference to the contents of the present (1942) Code, Sections 2834 and 7470.

The latter expressly provides that cities within its terms, as Spartanburg is (*Home Building & Loan Ass'n v. City of Spartanburg, supra*), shall have

power to enforce the payment of taxes "to the same extent, and substantially in the same manner, as is provided by law for the collection of state and county taxes." And Section 2834 declares that taxes shall be conclusively presumed paid after ten years and meanwhile suit may be brought therefor "whether they are on or off the tax books." These statutes are too plain to admit of doubt of their meaning and effect.

Something of the history of them is found in the enactment of 1899, XXIII Stat. 80, and Act No. 43 of 1927, XXXV Stat. 76. The latter was a codification as of that time of the present Code Section 7470 and its passage was no doubt occasioned by the former incongruities and omissions so clearly pointed out by Mr. Justice Cothran in his opinion for the Court in *Charleston Heights Co. v. City Council of Charleston,* 138 S. C., 187, 136 S. E., 393, decided in 1926.

This question is necessarily answered as the others have been, adversely to plaintiffs.

## CONCLUSION

The following portions of the conclusion of the report of the Referee are here incorporated for convenient reference. No exception challenges the propriety of them and they are adopted by the Court, and the case accordingly held open for further adjudication should such be necessitated by disagreement of counsel over details of its final determination.

"Although my conclusion, as shown by this report, is against the proposition that the city has been acting in an arbitrary or coercive manner, nevertheless, since the defendants are public officials and the plaintiffs are officials of the Court of Common Pleas, and the subject is revenue for the support of the city government of one of the cities of this State, I would conclude that the Supreme Court should continue its jurisdiction and hold these matters under its

control until the claim of the city against the receivers and their assets has been properly stated and determined upon.

"When the Supreme Court has reviewed this order and come to a conclusion as to the principles governing the status of the various claims of the city against the receivers and/or the assets in their hands, I would recommend that the parties hereto then be required to state the claim of the city in accordance with such principles so determined, and if this claim cannot then be agreed upon by the attorneys for the parties hereto, that this matter be again referred to some referee for the purpose of stating the claim and having it properly presented and filed in the receivership proceeding.

"I would further recommend that the costs in this proceeding be divided, one-half to be paid by the plaintiffs, and one-half to be paid by the City of Spartanburg."

The exceptions are overruled and the Referee's report confirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.

CIRCUIT JUDGE T. S. SEASE, ACTING ASSOCIATE JUSTICE, did not participate.