## 18801

Hugh C. LANE, Respondent, v. Furman E. McEACHERN, JR., Director of the Division of General Services, Budget and Control Board, State of South Carolina, Appellant.

(162 S. E. (2d) 174)

Messrs. *Daniel R. McLeod, Attorney. General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia *for Appellant,*

Messrs. *Buist, Buist, Smythe & Smythe* and *Young, Clement & Rivers,* of Charleston, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Appellant, in Reply,*

June 11, 1968.

*Per Curiam.*

At issue in this action for a declaratory judgment, instituted by the respondent Lane, is the title to a tract of land situated in Charleston County, such land being referred to in the record as "The Property," title thereto being claimed by Lane and the State.

The Property is situated on the east side of the Edisto River (formerly known as Pon Pon or Pon Pond River), which at the point is a fresh water navigable river, but also tidal in that the water level is affected by the ebb and flow of the salt water tide in and out of the mouth of the river. The Property, in its natural state, was fresh water river swamp land adjacent to the channel of the river. It has been enclosed by banks since some time prior to the year 1794, and for many years was in use as a rice field. In more recent years it has been used for various agricultural purposes, including the pasturing of cattle, with a part thereof from time to time being flooded as a refuge for water fowl. The following is taken from the statement of the case:

"The Property consists of an area of tidelands, lying between mean low water mark and mean high water mark on the Edisto River. The purpose of the suit is to test the claim of the State to such lands.

"It is admitted that The Property is a part of a tract of 134 acres granted by King George II in 1734 to James Bullock, and that title is traceable in a direct and unbroken chain into plaintiff."

The State asserts title to that portion of the foregoing tract lying below mean high water mark and prayed for an order enjoining plaintiff from trespassing upon such property and for an order requiring Lane to remove the earthen bank which has so long surrounded The Property.

The action was, by consent, tried before the Resident Judge of the Ninth Judical Circuit upon a rather complete and detailed stipulation of facts. The appeal is from his order holding, on a number of grounds, that Lane has valid title to The Property, and that the State has no title thereto.

On May 24, 1734, George II, King of Great Britain, etc., of his "Special Grace, certain Knowledge and mere Motion" granted to one James Bullock a tract of land, now situated in Charleston County and described in the grant as follows:

"All that parcel or tract of land containing one hundred and thirty-four acres situate, lying and being in Colleton County in the Province aforesaid butting and bounding to the northward on Will Town lots to the westward on Pon Pon River to the eastward on John Smyles land and to the southward on James Stoboes land.

"And hath such shape, form and marks, as appears by a plat thereof, hereunto annexed; * * *."

The plat annexed to the grant shows that it is drawn on a scale of ten chains per inch; that the area included within the perimeter thereof is 134 acres (verified by a civil engineer), and the boundaries delineated thereon are the same as in the description contained in the grant. The State has stipulated that The Property is included within the distances and area shown on the plat.

It being frankly admitted by the State that The Property was in fact granted by King George II to James Bullock and that title under said grant is traceable in a direct and unbroken chain into Lane, such admission would on the face thereof ordinarily end the controversy. The State, however, contends that despite such it still has title to The Property, and the basis of its claim is the rule of construction enunciated in *Cape Romain Land & Improvement Co. v. Georgia-Carolina Canning Co.,* 148 S. C. 428, 146 S. E. 434, as to the construction of a grant of land wherein a boundary thereof is given as a tidal navigable stream or body of water. We do not understand the State to contend that King George II lacked the power to grant, or that The Property was not subject to grant and private ownership. In fact, it would appear that it is at least tacitly, if not expressly, conceded that The Property was subject to grant and private ownership. The real basis of the State's contention seems to be the fact that neither the grant nor the plat make any specific reference to either the high water mark or low water mark of the river swamp. Relying on the aforementioned rule of construction, the State insists that, regardless of the intent of the parties, the grant was ineffective to convey title to The Property in the absence of some specific reference to "low water mark."

Such contentiton, we think, presents no justiciable issue in view of the admission on the part of the State that The Property was in fact granted by King George II. Under these circumstances, we do not reach or need to resort to or consider the rule of construction relied upon by the State. Under the stipulated facts we are satisfied that the lower court reached the right result in finding and concluding that the grant from King George II intended to and did convey title to The Property, the area within the perimeter of the plat, and that the respondent Lane, as successor in interest, has a valid title thereto.

The lower court, in addition, concluded that independently of the foregoing grant, Lane's title to The Property was good by virtue of presumption of a

grant from the State of South Carolina and adverse possession against the State. It is unnecessary to a decision of the appeal to consider whether or not he was correct in these particulars. The only other question before the lower court or before this court on appeal is the question of whether Lane has the right to maintain the banks around The Property which have enclosed the same since prior to the year 1794. In view of our conclusion that Lane has good title to The Property, this contention needs no further discussion. In this connection, however, it should be pointed out that there is in the record no issue involving either the State's rights with respect to navigation of the Edisto River, or any question of damages to the property of Lane arising from the State's exercise of such rights as to navigation.

The judgment of the lower court is, in result,

Affirmed.