## 19886

CONCH CREEK CORPORATION, Respondent, v. Clair P. GUESS, Jr., as Director of State of South Carolina Water Resources Commission, et al., Appellants.

(209 S. E. (2d) 560)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Edward B. Latimer, Asst. Atty. Gen.,* of Columbia, and *Bailey and Buckley,* of Charleston, *for Appellants,*

*G. Dana Sinkler, Esq.,* of *Sinkler, Gibbs, Simons & Guerard,* Charleston, *for Respondent,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Edward B. Latimer, Asst. Atty. Gen.,* of Columbia, and *Bailey and Buckley,* of Charleston, *for Appellants,* in Reply.

September 3, 1974.

LEWIS, Justice:

This action arises out of the conflicting title claims of the appellant State of South Carolina and the respondent Conch Creek Corporation to approximately 398 acres of marshland in Charleston County. The issues arise under a demurrer to the complaint and involve the construction of a grant of the lands in 1845 to respondent's predecessor in title. This appeal is from an order of the lower court overruling the demurrer and holding that respondent held title to the land in question. The question to be decided involves the recurring problem of title to tidelands in this State.

The property is a part of a larger tract granted by the State of South Carolina to respondent's predecessor in title, Stephen Piggott Truesdell, on November 3, 1845. The grant was signed by "his Excellency, William Aiken, Esquire, Governor and Commander-in-Chief in and over the said State." The land was described in the grant as "a plantation or tract of land, containing six hundred and forty-five acres, surveyed . . . the 26th day of September 1845, situate in Christ Church Parish, Charleston District, . . . and having such shape, form and marks as are represented by a plat hereunto annexed, together with all woods, trees, waters, water-courses, profits, commodities, appurtenances and hereditaments whatsoever thereunto belonging."

The plat attached to the grant contained the following certificate of the surveyor:

"I do hereby certify for Stephen Piggot Truesdell, a tract of *Marsh Land* containing six hundred and forty-five acres surveyed for him the twenty sixth day of September 1845, situate in Christ Church Parish, Charleston District having

such form, marks and boundaries as the above plat represents." (Emphasis added).

The plat shows the tract as lying within the boundaries designated as The Narrows, Scotts Creek and Shell Banks. The 398 acre tract, now in controversy, is bounded by the Intracoastal Waterway and Conch Creek, both navigable waterways.

The complaint alleges and the demurrer admits the now conceded fact that the entire 645 acre tract described in the 1845 grant from the State to Stephen Piggot Truesdell was, as stated in appellant's briefs, "(marsh land) tidelands, located below the ordinary high tide and subject to the ebb and flow of the ordinary high tide twice daily"; and that "all the area described was in fact below the high water at that time."

The question then is whether, under the admitted facts, the foregoing grant by Governor Aiken in 1845 effectively conveyed title to the 645 acre tract of tidelands. The lower court held that it did and, under the admitted facts, we agree.

Appellant concedes that the property in question was granted by Governor Aiken to Truesdell and that title under the grant is traceable in a complete chain into the respondent. *It is further agreed that the entire area included in the grant was tidelands.* There is no contention that Governor Aiken lacked power to make the grant, nor that the tidelands in question were not subject to grant and private ownership.

Appellant (the State) bases its claim of title upon the contention that title to land below highwater mark on tidal navigable streams is in the State and that, in the absence of specific language, either in the deed or on the plat, showing that it was intended to grant the land below highwater mark, the portion of the land between high and low water mark remains in the State. See: *State v. Hardee,* 259 S. C. 535, 193 S. E. (2d) 497.

The admission in this case, that the entire area included in the grant consisted of tidelands (lands lying between the limits of the ordinary high and low tides), conclusively showed that the grant extended to the low water mark. No suggestion is made as to what the purpose of the grant could have been, if not to convey marshland or tideland, for that was the character or nature of the entire property included. Any other construction would completely defeat the grant.

The admission here is, in its effect, the same as that in *Lane v. McEachern*, 251 S. C. 272, 162 S. E. (2d) 174. In that case, the State agreed that the grant conveyed to the low water mark, thereby eliminating any question as to the area included. Such admission was given the same effect as if the grant and plat had contained specific language showing that it was intended to convey to low water mark.

The admission that only tidelands were included in the grant effectively delineated the low water mark as the boundary, just as did the admission in Lane, although in neither case did the grant or plat specifically so state.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.