20809

STATE of South Carolina, Appellant, v. HOLSTON LAND COM-
PANY, INC., Respondent.

(248 S.E. (2d) 922)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Edward
B. Latimer and Staff Atty. Paul H. Infinger,* Columbia, and
*Edward D. Buckley of Bailey & Buckley,* Charleston, *for
appellant.*

*Augustine T. Smythe, Pledger M. Bishop, Jr.,* and *Claron
A. Robertson, III, of Buist, Moore, Smythe & McGee,*
Charleston, *for respondent.*

November 15, 1978.

Per Curiam:

This appeal is from the lower court's order granting respondent's motion for a directed verdict. We affirm.

This action arises out of the conflicting title claims of appellant, State of South Carolina, and respondent Holston Land Company, Inc., to Drum Island and its adjacent tidelands area. Drum Island is located in the Cooper River in Charleston, South Carolina. Prior to 1950 much of the island stood below the mean high tide mark of the Cooper River. By the early 1950's portions of the island were encircled by dikes, and, due to artificial accretion, most of the island has now been elevated above the high water mark.

Appellant instituted this suit against Holston to determine who has title to Drum Island and its adjacent tidelands. The State asserts it holds title to the tidelands, the submerged lands, the water within the State, as well as former tidelands which have been built up through artificial accretion. Holston maintains it owns the property in question including all accretions thereto and traces its title to a grant from King George III to Thomas Savage dated May 21, 1763. The lower court directed a verdict for respondent and confirmed Holston's title to the usual low water mark of Drum Island. We affirm.

In order to resolve this dispute between the State and Holston concerning title to Drum Island and its adjacent tidelands, we need only consider two questions: (1) whether Holston's predecessors in title possessed a valid grant, *See Lane v. McEachern*, 251 S. C. 272, 162 S. E. (2d) 174 (1968); and (2) whether the language of the grant is sufficient to convey land lying below the high water mark. *See Conch Creek Corp. v. Guess*, 263 S. C. 211, 209 S. E. (2d) 560 (1974). With respect to the first question, the State concedes that the property in dispute was granted by King George III and that the grant is traceable in a complete

chain into respondent. Thus, we need only determine whether the 1763 grant evidenced an intent to convey property below the high water mark.

The May 21, 1763 grant from King George III to Thomas Savage reads as follows:

A plantation or tract of land containing two hundred acres including several small islands adjacent to the same situate in Berkeley County between Town Creek and Hobcaw Ferry, bounded to the west on the said creek, to the east on that part of Cooper River that is opposite to Hobcaw, being surrounded on every part by the waters of said river, and hath such shape, form and marks as appear by a plat thereof hereunto annexed.

The plat annex to the grant bears the following legend:

Pursuant to a precept to me directed by the Honorable Egerton Leigh, his Majesty's Surveyor General, dated the 3rd day of May, A.D. 1763, I have admeasured and laid out unto Mr. Thomas Savage a tract of marsh land containing two hundred acres (including several small islands adjacent to the same) and is situated in Berkeley County between Town Creek and Hobcaw Ferry bounding to the west on the said creek to the east on that part of Cooper River that's opposite to Hobcaw being surrounded on every part by the waters of said river and hath such shapes form and marks as appears by the above delineated plat.

The plat reveals a dotted principal tract of land (indicating marsh land) on the surface of which is written "two hundred acres marsh land." Northward of this principal tract are several broken islands also dotted to indicate marsh land. The legend adjacent to these islands reads "all pieces of marsh that's commonly covered at high water." The plat's scale is twenty chains to the inch.

Testimony before the lower court indicated the 200 acre tract described in the grant has an actual perimeter measurement of 230 acres, while the adjacent

islands measure 80 acres. A 1905 plat survey indicated the island contained 304.5 acres around the perimeter. The State, relying on *Cape Romain Land and Improvement Company v. Georgia-Carolina Canning Company, et al.,* 148 S. C. 428, 146 S. E. 434 (1928), asserts there is no specific language in the plat or grant indicating an intention to convey property below the mean high water mark. We cannot agree. The law in South Carolina is well settled that a grant conveying "marshland" can give rise to private ownership of property to the mean low water mark. *See Frampton v. Wheat,* 27 S. C. 288, 3 S. E. 462 (1887); *Heyward v. Farmers Mining Company,* 42 S. C. 138, 19 S. E. 963 (1894); *Beaufort County v. Jasper County,* 220 S. C. 469, 68 S. E. (2d) 421 (1951) and *Conch Creek Corp. v. Guess, supra.*

We conclude the grant and plat when read together evince a clear intent to convey the disputed tidelands to Holston's predecessor in title, Thomas Savage. The lower court correctly held that Holston possesses valid title to Drum Island and all accretions thereto to the usual low water mark. Accordingly, we affirm.