17916

Margie LEE MARSHALL, Appellant, v. Robert Lee
RICHARDSON, Respondent

(125 S. E. (2d) 639)

*Messrs. A. S. Bahnmuller* and *G. Werber Bryan, County
Attorney,* of Sumter, *for Appellant,*

*Robert O. Purdy III, Esq.,* of Sumter, *for Respondent.*

May 17, 1962.

Moss, Justice.

Margie Lee Marshall, the appellant herein, commenced this action against Robert Lee Richardson, the respondent herein, on July 25, 1960, in "The Civil and Domestic Relations Court of Sumter County". The petition alleged that the appellant was not the wife of the respondent but that he was the father of her four children, the oldest being five years of age and the youngest being two weeks of age at the time of the institution of the action. It was further alleged that the respondent had failed and neglected to support his said four dependent children. The prayer of the petition was that the respondent be directed to furnish what would be fair and reasonable support for said children. The respondent answered the aforesaid petition and denied that he was the father of the children of the appellant.

The issue of the paternity of the children came on for trial before Honorable L. E. Purdy, Judge of the aforesaid Court, and a jury, at the September 1960 term of Court. Upon the call of the case for trial, the respondent objected to the jurisdiction of the Court to hear a bastardy case upon the ground that the Act attempting to confer jurisdiction upon the Civil and Domestic Relations Court of Sumter County is unconstitutional, in that it violates Article V, Section 18, of the 1895 Constitution of this State, by attempting to oust the General Sessions Court of jurisdiction of such a criminal case, it being contended that under the aforesaid provision of the Constitution, exclusive jurisdiction in all bastardy cases was conferred upon the Court

of General Sessions. Respondent further contended that when the General Assembly of this State attempted to give jurisdiction to the Civil and Domestic Relations Court of Sumter County to determine the paternity of an illegitimate child, when the alleged father has denied the paternity of such, the said Act violated Article III, Section 34, subsection 9, of the Constitution of 1895, wherein it is provided that "where a general law can be made applicable, no special law shall be enacted."

The trial Judge took under advisement the objection to the jurisdiction of the Court as made by the respondent and proceeded with the trial. The jury found the respondent to be the father of two of the illegitimate children of the appellant. Upon the rendition of such verdict, the respondent renewed his objection to the jurisdiction of the Court on the ground that the Act giving the Civil and Domestic Relations Court of Sumter County jurisdiction was unconstitutional, in that it was a special law enacted where a general law could be made applicable. Thereafter, on February 22, 1961, the Judge of the said Civil and Domestic Relations Court of Sumter County filed an order wherein he held that the Act conferring jurisdiction upon said Court to try bastardy cases was unconstitutional for the reason that the same was a special law enacted where a general law governing bastardy proceedings could be applied. Timely notice of intention to appeal to this Court was given and the appellant asserts that the trial Judge was in error in holding that the Act authorizing the said Court to try a bastardy proceeding is unconstitutional as special legislation because a general law governing such proceedings can be applied.

"The Civil and Domestic Relations Court of Sumter County", a Court inferior to the Circuit Court, was established for all that part of Sumter County except that portion of the County inundated by the waters of Lake Marion at the high water level, by an Act of the General Assembly, approved February 22, 1954, 48 Stats., 1452. The Court provided by the aforesaid Act was organized in two divi-

sions, the first division is known as "The Civil Court" and the second division is known as "The Domestic Relations Court". Both divisions of the said Court were given concurrent jurisdiction with the Court of Common Pleas, both at law and in equity. The Domestic Relations division of the Court was invested with authority to determine all proceedings to compel the support of a wife, or child, or step-child, or both, irrespective of whether they are likely to become a public charge.

At the 1956 Session of the General Assembly of South Carolina, the original Act establishing the Civil and Domestic Relations Court of Sumter County was amended so as to authorize the Court to determine the paternity of children and to order support in such cases. 49 Stats., page 1692. Section 7 of the original Act was amended by adding the following:

"The Civil Court shall have jurisdiction to determine the paternity of any illegitimate child when the alleged father has denied the paternity of such child, when the question has been properly transferred to the Civil Court as is provided for in Section 22 of this act."

Section 22 of the original Act was amended by adding the following:

"To order support from the father of an illegitimate child, but should the alleged father deny the paternity of the child, the court shall refer the case to the county attorney who shall represent the petitioner in all other procedures. The case shall then be placed on the docket of the Civil Court of Sumter County and the question of the paternity of the child shall be determined by jury at the next term of court without the necessity of further pleadings, except that the alleged father may file his answer or other pleadings at any time before trial should he desire but failure to plead shall not be an admission of paternity. Should the jury find beyond a reasonable doubt that the alleged father is the father of such child, then the judge shall issue such order of sup-

port as he might have issued had the alleged father admitted paternity."

There is no doubt that the General Assembly may establish under Article V, Section 1, of the 1895 Constitution of this State, such Courts, "inferior to Circuit Courts," as it may deem necessary. *Glympth et al. v. Smith et al.,* 170 S. C. 486, 170 S. E. 913. A Domestic Relations Court is an inferior Court within the meaning of the Constitution. *Holloway v. Holloway,* 203 S. C. 339, 27 S. E. (2d) 457. The Civil and Domestic Relations Court of Sumter County is an "inferior Court" within the meaning of the Constitution.

At the time of the trial of this case in the Civil and Domestic Relations Court of Sumter County, the statutory law of this State requiring the father of a bastard child to support the same and providing a procedure to determine the paternity of such child was contained in Sections 20-305 through 20-309 of the 1952 Code of Laws of South Carolina. The law as contained in these sections of the Code was the general law to which the respondent had reference when he objected to the jurisdiction of the Civil and Domestic Relations Court of Sumter County to determine the paternity of the alleged illegitimate children of whom he was charged with being the father. He asserts that to give force and effect to the provisions of the Act authorizing the Civil and Domestic Relations Court of Sumter County to try the issue of the paternity of the illegitimate children of whom he was charged with being the father would be giving effect to the special law contained in the Act with reference to the Sumter Court rather than applying the general law as is contained in Sections 20-305 through 20-309 of the Code.

Section 20-303 of our Code provides that any able-bodied man or man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or his minor unmarried child or children dependent upon him shall be

guilty of a misdemeanor. This section of our Code was a part of Chapter 4 which has to do with domestic relations and particularly with custody, care and support.

At the 1962 Session of the General Assembly of this State, by an Act approved April 7, 1962, Section 20-303 of the Code, relating to the obligation of a man to support his wife and minor unmarried children, was amended so as to provide that a man shall support his minor unmarried children, legitimate or illegitimate. By the terms of the aforesaid Act, Sections 20-305 through 20-309 of the Code were specifically repealed, and Section 20-303, as thus amended, provides that:

"Any able-bodied man or man capable of earning or making a livelihood who shall, without just cause or excuse, abandon or fail to supply the actual necessaries of life to his wife or to his minor unmarried legitimate or illegitimate child or children dependent upon him shall be guilty of a misdemeanor. * * *"

What was the effect of the specific repeal of Sections 20-305 through 20-309 of the Code? The general law is that the repeal of a statute has the effect of blotting it out as completely as if it had never existed and of putting an end to all proceedings under it. *South Carolina Mental Health Commission v. May,* 226 S. C. 108, 83 S. E. (2d) 713, and *Roper et al. v. South Carolina Tax Commission et al.,* 231 S. C. 587, 99 S. E. (2d) 377. It is thus apparent that the general law contained in the foregoing repealed sections of the Code cannot now be considered as being in conflict with the special law under which the respondent was tried.

As a general rule the province of an Appellate Court is only to inquire whether a judgment when rendered was erroneous or not, if subsequently to the judgment, and before the decision of the Appellate Court, a law intervenes and positively changes the rules which govern, the law must be obeyed, unless, it is unconstitutional.

3 Am. Jur., Appeal and Error, Section 1157, at page 668; 5B C. J. S., Appeal and Error, § 1841, at page 244. It has also been held that the Appellate Court in determining what justice requires, may consider any change in the law which has supervened since the judgment appealed from and recognize such a change as may affect the result in the trial Court, by vacating and setting aside the judgment appealed from, without prejudice, in order that the cause may be remanded so that the trial Court may be free to act by dealing appropriately with the controversy in the light of the change of the law.

An Appellate Court exists for the correction of errors committed in a lower Court, but we cannot review or correct something that has not been decided or raised in the trial Court. The issue now presented by the repeal of Sections 20-305 through 20-309 of the Code, was not decided nor could same have been decided in the lower Court because at the time of the decision of such Court there had been no repeal of said sections nor had any amendment been made to Section 20-303 of the Code.

It is our judgment that the decision of the lower Court must be reversed, irrespective of whether the trial Judge erred at the time of the rendition of his decision, so that he may give appropriate consideration to the issue made by the respondent's motion in the light of the repeal of Sections 20-305 through 20-309 of the Code and the amendment to Section 20-303 of the Code.

However, in remanding the case to the lower Court for its further consideration, attention is directed to the case of *Campbell v. Campbell et al.,* 200 S. C. 67, 20 S. E. (2d) 237, where this Court held that the statute making it a misdemeanor for any man capable of earning a livelihood to fail to supply the actual necessaries of life for his minor, dependent, unmarried children, without just cause, does not provide an exclusive remedy for the enforcement of the rights of the children to support by their parents.

The judgment of the lower Court is reversed and this case remanded thereto with directions to the trial Judge to consider and decide the issue raised in the Court below in the light of the repeal of Sections 20-305 through 20-309, and the amendment of Section 20-303 of the Code.

Reversed and remanded.

· TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.