18038

Audrey J. McCULLOUGH, Appellant, v. William B. McCULLOUGH, Respondent.

(130 S. E. (2d) 77)

*Audrey J. McCullough,* of Lexington, *in Pro. Per.—Appellant,*

*Francis C. Jones, Esq.,* of Lexington, *for Respondent,*

March 12, 1963.

BUSSEY, Justice.

This is an appeal, *in forma pauperis,* from an order of the Juvenile and Domestic Relations Court of Lexington County, the appellant appearing *in propria persona.*

Appellant instituted in said court an action wherein she sought support for herself and the two minor children of the parties on the ground of desertion and failure to support by the respondent. A consent order was entered providing substantial support for appellant and the children, and some months later, the respondent petitioned the said court for a reduction of the support payments on an alleged change of financial conditions, which reduction was granted. The court, however, allowed an audit to be made of the financial affairs of the respondent. Following this audit and based thereon, appellant petitioned the court to reinstate the original amount of support, and from an order denying this request comes this appeal.

It is neither necessary nor proper for this court to pass upon the exceptions upon which this appeal is based, since the appeal is not properly before this court.

The Juvenile and Domestic Relations Court of Lexington County is an inferior court of limited jurisdiction, established by the legislature pursuant to Article V, Section 1, of the Constitution. 1962 Code Sections 15-1311 et seq.

The only provision for appeal from the decisions of this court is contained in Section 15-1311.30, in the following language:

"Any party to a proceeding may appeal from any order or decree of the court to the circuit court in the manner now provided for appeal to the circuit court from other inferior courts."

The right of appeal is a matter of grace and is not an inherent or vested right. *Turner v. Joseph Walker School District No. 9,* 215 S. C. 472, 56 S. E. (2d) 243; *Horn v. Blackwell,* 212 S. C. 480, 48 S. E. (2d) 322. The rules of court and statutes must be followed in perfecting an appeal. *Camden Investment Company v. Gibson,* 204 S. C. 513, 30 S. E. (2d) 305.

No question is raised by either of the parties with respect to the appeal being taken to this court, rather than the court of common pleas, and no question is raised by either of the parties as to the jurisdiction of the court below. Applicable to the case before us, however, is the following language from the case of *American Agricultural Chemical Co. v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592, 160 A. L. R. 594.

"The jurisdictioin of a Court over the subject-matter of an action depends upon the authority granted to it by the Constitution and laws of the State, and is fundamental. Objection to such jurisdiction may be made at any time during the progress of the action, and cannot be waived or conferred by consent. *Senn v. Spartanburg County,* 192 S. C. 489, 7 S. E. (2d) 454; *Ladshaw v. Hoskins,* 204 S. C. 346, 29 S. E. (2d) 480; *Rosamond v. Lucas-Kidd Motor Co.,* 182 S. C. 331, 189 S. E. 641.

"It was held in *Hunter v. Boyd,* 203 S. C. 518, 28 S. E. (2d) 412, that since lack of jurisdiction of the subject-matter of an action cannot be waived even by consent, lack of jurisdiction can be and should be taken notice of by the Supreme Court *ex mero motu."* See also *Williamson v. Richards,* 158 S. C. 534, 155 S. E. 890.

It appearing to us that the court below had no jurisdiction of the subject matter of this action, we consider it our duty in the interest of justice to raise the question *ex mero motu.*

"The extent of the jurisdiction of a court ordinarily is to be determined by the provisions of the organic law or by

such statutory provisions as may be properly enacted thereunder. * * *

"Courts created by statute and not by the Constitution are tribunals of special and limited jurisdiction only. They can exercise only such powers as are directly conferred on them by legislative enactment and such as may be incidentally necessary to the execution of those powers. Therefore, unless authority for the exercise of jurisdiction in a given case can be found in the statutes, given either expressly or by necessary implication, their proceedings are void; for the rule is that such a court can only take cognizance of such matters as are clearly within its jurisdiction." 14 Am. Jur. 369, Courts, Section 169.

In the case of *Brown v. Wood,* 1 Bailey 457, with respect to the jurisdiction of courts of limited and particular jurisdiction, the opinion contains the following language:

"They are strictly confined to the powers given * * * Such courts must not assume constructive powers, *i. e.* powers not literally given * * *."

As above pointed out, the Juvenile and Domestic Relations Court of Lexington County is an inferior court of limited jurisdiction. It has only such jurisdiction as is given by statute. We have searched the statute which creates and empowers this court and fail to find anything therein which would vest jurisdiction of the subject matter of this action in that court. The only section of the statute which even mentions "support proceedings" is Section 15-1311.8, which reads as follows:

"Jurisdiction in adoption and support proceedings.

"The court shall also have jurisdiction over adoption proceedings and the jurisdiction conferred on domestic relations courts by §§ 20-311 to 20-340, known as the 'Uniform Reciprocal Enforcement of Support Act.' (1957 (50) 64)."

Reference to the "Uniform Reciprocal Enforcement of Support Act" fails to reveal to us any language which even by implication, let alone literally, confers upon the lower court jurisdiction of the subject matter of this action.

In view of the other jurisdictional powers expressly granted to this particular court by statute, it may very well be that the failure to grant jurisdiction to the said court in a case of this kind was an error of omission or oversight, but it is not within the power or duty of this or any other court to supply the omission.

"It is a universal principle as old as the law, that the proceedings of a court without jurisdiction are a nullity, and its judgment without effect, either on the person or property." *Ex parte* Hart, 186 S. C. 125, 195 S. E. 253.

The lower court being without jurisdiction, it follows that the appellant here is free to seek whatever relief she may be entitled to, in a court of competent jurisdiction.

Since the initial order of the lower court proceeding for the support of appellant and the children was a consent order, it may not be amiss to point out that we do not here pass upon the contractual effect of any agreement between the parties, which was either embodied in, or the basis of said order.

Appeal dismissed without prejudice to the substantive rights of the parties.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.