19278

The STATE, Respondent, v. Hubert GORIE, Appellant
(183 S. E. (2d) 334)

*Ronald A. Hightower, Esq., Blease, Griffith, Stone and Hightower,* of Newberry, *for the Appellant,*

*William T. Jones, Esq., Sol.,* of Greenwood, *for the Respondent,*

August 26, 1971.

*Per Curiam:*

At the March 1969 term of the Court of General Sessions for Newberry County appellant was convicted of manslaughter by a jury and sentenced by the Judge of the Fifteenth Judicial Circuit, then presiding in the Eighth Circuit. There was no appeal from the conviction and no timely motion made for either a new trial or a judgment *non obstante veredicto.* A petition for a writ of *habeas corpus* was afterwards denied by the resident judge of the Eighth Judicial Circuit and, as far as the record shows, there has been no appeal from such denial.

On May 28, 1970, more than fourteen months after the trial, appellant's counsel with the agreement of the solicitor and in letter form submitted to the Judge of the Fifteenth Circuit, who had presided at the trial, a motion for a judgment *non obstante veredicto* and, in the alternative, for a new trial based on several asserted trial errors. The instant appeal is from an order denying such motions, on the merits, rather than for lack of jurisdiction.

It is clear, under the related circumstances, that the judge had no jurisdiction whatever to entertain and decide the motions, he having long since adjourned court and departed the circuit. See numerous cases collected in West's South Carolina Digest under Courts, Key No. 30, and Judges, Key Nos. 29 and 30.

The jurisdiction of a court or of a particular judge over the subject matter of a proceeding depends upon the authority granted by the Constitution and laws of the state, and is fundamental. Lack of jurisdiction of the subject matter cannot be waived even by consent and therefore such lack can and should be taken notice of by this Court *ex mero motu. American Agr. Chemical Co. v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592; *McCullough v. McCullough,* 242 S. C. 108, 130 S. E. (2d) 77; *Gibbs v. Young,* 242 S. C. 217, 130 S. E. (2d) 484; *City of Columbia v. S. C. Public Service Commission,* 242 S. C. 528, 131 S. E. (2d) 705, 707.

Since the order appealed from was a complete nullity for lack of jurisdiction, the appeal presents no issue for consideration or decision by this Court and the appeal is, accordingly,

Dismissed.