Howard A. Levine, J.
The respondent in this juvenile delinquency proceeding is alleged in the petition to have stolen a minibike worth $180 in the Village of Scotia on July 31, 1971, which act, if done by an adult, would constitute the crime of petit larceny.
The proof mainly consisted of the testimony of a 14-year-old boy friend of respondent and the friend’s two younger sisters. The boy testified that he and respondent had attended a party next door to where the minibike was located. During the evening, he and respondent had some discussion concerning the bike; subsequently he, and not the respondent committed the physical act of taking the article. The boy stated that he wheeled the bike to meet respondent at another friend’s home and thereafter respondent accompanied him while he again wheeled the bike to his own home, where respondent spent the night. The boy further testified that the next morning, he and not the respondent rode the minibike around his home; that they thereafter placed it in his garage when they went to buy it a replacement part. When they returned, the police were already there and had recovered the minibike.
There was no proof that respondent actually participated in the theft. Nor did petitioner establish beyond a reasonable doubt that respondent can be held accessorially responsible for the conduct of the actual thief, who testified on cross-examination that the respondent had not told him to steal the article nor had ridden it once it had been stolen.
The testimony of the two sisters of respondent’s boy friend was that the following morning they saw the minibike in operation around their home, and that respondent said the bike was his, in reply to their question as to whom the bike belonged. On cross-examination, however, neither girl was certain as to whether it was respondent or their brother who was actually riding the bike. Their lack of positive recollection, coupled with their tender age, makes their testimony insufficient to satisfy the standard of proof mandated here.
An inference can be drawn that respondent and his friend jointly possessed the minibike on the morning following the theft. At that time, according to the friend, the boys’ mutual understanding was that the minibike was intended for respondent’s use, since the friend already had one for his own use. This testimony, and respondent’s statement to the two *720 girls that the bike was his, could support a finding that respondent criminally possessed the stolen article.
Criminal possession of stolen property was not specifically pleaded in the petition, however, nor were any allegations of fact set forth establishing the elements of the crime. Although the facts adduced at the trial might support a finding of criminal possession, this omission in the pleading is, in my view, fatal to any adjudication based on this crime, for the reasons hereinafter stated.
Since the U. S. Supreme Court’s decision in Matter of Gault (387 U. S. 1), the trend of decisions has been increasingly to impose the same standards of pleading and proof in juvenile cases as are statutorily and constitutionally applicable in adult criminal prosecutions. Juveniles have thus been accorded many of the same procedural and substantive rights enjoyed by criminal defendants, either on the basis of due process considerations or simply by way of analogy. (See, e.g., Matter of Steven B., 30 A D 2d 442; Matter of Eric R., 34 A D 2d 402; Matter of Walsh, 59 Misc 2d 917; Matter of David A. L., 64 Misc 2d 360; Matter of Edgar L., 66 Misc 2d 142.)
The sole exception to this trend has been with respect to the right to a jury trial, the Supreme Court, in McKeiver v. Pennsylvania (403 U. S. 528), having held that the nature and objectives of juvenile proceedings were such that a jury trial was not constitutionally mandated. With this single exception, the position taken by our State appellate courts, has been that in the absence of other justification, any lesser procedural or substantive rights accorded a juvenile than those accorded an adult defendant, on the basis of age alone, is a denial of due process or the equal protection of the law. (See Matter of Eric R., supra.)
Since I cannot perceive any valid reason why the procedural question of whether this juvenile .respondent, formally accused of the underlying crime of larceny, may he adjudicated a delinquent on the basis of his criminal possession of stolen property, should be answered differently than if he were an adult so charged, I hold that the question is governed by the applicable provisions of the Criminal Procedure Law which became effective before the date of the commencement of this proceeding.
Under CPL 360.50, the court can only submit to the jury such counts of an information which are supported by legally sufficient evidence and, under certain circumstances, any other “ lesser included offense.” This means that if respondent were now before a Criminal Court and charged solely with petit *721 larceny, the triers of the facts could only consider his guilt of the crime of criminal possession of stolen property if it were a “lesser included offense.” Under the definition of lesser included offense contained in CPU 1.20 (subd. 37) criminal possession of stolen property would be such a lesser included offense to petit larceny, only if “it is impossible to commit ’ ’ larceny “without concomitantly committing, by the same conduct ”, such criminal possession.
The Court of Appeals, in People v. Daghita (301 N. Y. 223), clearly held that under the former Penal Law, larceny and criminally concealing and withholding stolen property were totally separate and distinct crimes and never overlapped. The court, in Daghita, stated (p. 226): “ That being so, the question arises, when does the thief’s act of withholding change from ‘ larceny ’ under section 1290 to 1 receiving ’ under section 1308? The answer, we suggest, is ‘ never.’ ” Unquestionably, the revised Penal Law’s reformulation of the crime under its definition of criminal possession of stolen property was intended to modify the clear-cut distinction under the former law found in Daghita. Under section 165.60 of the revised Penal Law, the fact that the defendant was a participant in the larceny is expressly excluded as a defense. Nevertheless, real differences in the nature of the two crimes still exist. The gravamen of the reformulated crime is simply possession of stolen property with knowledge of its stolen character. Larceny, on the other hand, has been redefined in the broadest terms to cover every conceivable form of intentional deprivation of property. Section 155.05 of the Penal Law defines larceny as follows: “1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third party, he wrongfully takes, obtains or withholds such property from the owner thereof.” The term “ obtain” is defined under section 155.00 of the Penal Law to include the “ bringing about of a transfer or purported transfer of property or of a legal interest therein, whether to the obtainer or another. ’ ’
The elements of the crime of larceny may be established without the actor ever criminally possessing the stolen property. For example, a person in lawful possession of property and having the required intent, may commit larceny by the subsequent act of disposing of the property to another. The larceny in such a case will not become a completed crime until possession has actually been transferred to the third person. Moreover, if in the same case the person to whom the property is transferred by the thief has no knowledge of its stolen character, *722 the larceny will be committed without any persons being guilty of the crime of criminal possession of stolen property.
The foregoing example demonstrates that under the definition of larceny contained in the revised Penal Law, the crime may be committed without ‘ ‘ concomitantly ’ ’ committing criminal possession of stolen property. Therefore, it is not a lesser included offense to larceny.
The foregoing conclusion conforms to fundamental principles of fair notice which ought to require a formal accusation of all offenses, even when .related as in the instant case, where the defense of one may vary substantially from the defense of another. In my view, sufficient distinctions exist between the crimes of larceny and criminal possession of stolen property to make that principle applicable here.
Accordingly, the petition is dismissed.