19993

J. Allen MARTIN, Respondent, v. James B. ELLISOR, Executive Director of the South Carolina Election Commission, Appellant

(213 S. E. (2d) 732)

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Dep. Atty. Gen., Treva G. Ashworth,* and *Joseph R. Barker, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

204

*Kenneth E. Allen, Esq.,* of Columbia, *for Respondent,*

April 11, 1975.

LEWIS, Justice:

This is an appeal from an order of the Richland County Court requiring appellant, as Executive Director of the South Carolina Election Commission, to allow respondent to copy computer tapes containing lists of the names of registered voters compiled by the said Election Commission. The relief was sought and granted pursuant to the provisions of the Freedom of Information Act (Section 1-20 *et seq.,* 1974 Supplement to South Carolina Code of Laws) and Section 23-31(C)(11) of the Code Supplement.

Section 1-20.4 of the Freedom of Information Act authorizes injunctive relief for the enforcement of its provisions in the following language:

"Any citizen of the State may apply to the circuit court for injunctive relief to enforce the provisions of this article in appropriate cases."

Appellant renews here the contention, unsuccessfully made in the lower court, that the quoted provisions of Section 1-20.4, by designating the circuit court as the court to which application may be made for enforcement if the Freedom of Information Act, effectively granted exclusive jurisdiction to the circuit court in such matters and that the Richland County Court was without jurisdiction to entertain the present action. We agree.

Section 1-20.4, quoted above, specifically designates the remedy for a denial of access to public records and the court to which application for relief may be made. The relief is by injunction and the circuit court is the forum. The language is clear, plain, and unambiguous. Certainly, there is nothing in the provisions of this statute to indicate that, when the General Assembly designated the "Circuit Court," is also meant the Richland County Court.

However, Code Section 15-764, as amended in 1972 by Act No. 1567 (57 Stat. 3070), granted to the Richland County Court concurrent jurisdiction with the circuit court (Court of Common Pleas) in equity matters; and respondent argues that, since concurrent jurisdiction is so granted in equity matters, a grant of jurisdiction to the circuit court to enforce the Freedom of Information Act by injunction was also a grant of like jurisdiction to the Richland County Court. We do not think that such conclusion is justified.

While the General Assembly did not specifically confer exclusive jurisdiction on the circuit court in matters pertaining to the enforcement of rights under the Freedom of Information Act, we think the intent to do so is apparent from the nature of the subject matter and the right created.

The Freedom of Information Act was designed to guarantee to the public reasonable access to certain information concerning the activities of the government. The act creates the right to such information, specifies the remedy for the enforcement of such right, and also specifically designates

the court in which such remedy may be pursued. The General Assembly was dealing with a specific subject matter, that is, the right of citizens to information about the operation of their government; and, in express terms, conferred jurisdiction of this *specific* subject matter upon the circuit court. We construe the statute as a legislative direction that these specific rights would best be enforced in the circuit court, a court of general jurisdiction, rather than in a county court of limited jurisdiction.

There is an additional compelling reason for holding that the Richland County Court has no jurisdiction in this matter. The appellant is Executive Director of the South Carolina Election Commission, an agency of the State government performing statewide functions. The jurisdiction of the Richland County Court is limited to Richland County; and it necessarily follows that Section 15-764, *supra,* only grants to the Richland County Court concurrent jurisdiction with the circuit court in such matters *in Richland County.* As such court of limited jurisdiction, it has no authority to restrain or direct appellant in the performance of his duties for the State government. Any other holding would extend the jurisdiction of the county court beyond its territorial limits and confer upon it the authority to restrain statewide governmental activities. We find no express or implied authority for such extension of the jurisdiction of the county court.

The Richland County Court was without jurisdiction in this matter. The judgment of the lower court is accordingly reversed and the complaint dismissed.

Moss, C. J., and Bussey, Littlejohn and Ness, JJ., concur.