20105

CONCH CREEK CORPORATION, Respondent, v. Clair P. GUESS, Jr., as Director of State of South Carolina Water Resources Commission, et al., Appellants.

(219 S. E. (2d) 575)

*Messrs. Daniel R. McLeod, Atty. Gen., Edward B. Latimer, Asst. Atty. Gen.,* of Columbia, and *Edward D. Buckley* of *Bailey and Buckley,* Charleston, *for Appellants,* cite:

*G. Dana Sinkler, Esq.,* of *Sinkler Gibbs Simons & Guerard,* Charleston, *for Respondent,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen.,* of Columbia, *Edward B. Latimer, Asst. Atty. Gen.,* and *Edward D. Buck-*

*ley,* of *Bailey and Buckley,* Charleston, *for Appellants,* in Reply.

November 6, 1975.

*Per Curiam:*

This case, involving title to certain tidelands in Charleston County, has heretofore been before this Court on issues arising under a demurrer to the complaint. 263 S. C. 211, 209 S. E. (2d) 560. We there affirmed an order of the lower court overruling a demurrer to the complaint and, on petition for a rehearing and for leave to plead over, denied the petition "without prejudice, to whatever rights, if any, the appellants may have to move before the lower court for leave to further plead." Upon remand, the lower court denied appellants' motion for leave to answer or otherwise plead, from which this appeal is prosecuted.

The sole question to be decided is whether the lower court erred in refusing to allow appellants to plead over after their demurrer to the complaint had been overruled.

The determination of the present issue is governed by Section 10-644 of the 1962 Code of Laws, the pertinent portion of which is as follows:

"After the decision on a demurrer the court shall, unless it appear that the demurrer was interposed in bad faith or for purposes of delay, allow the party to plead over upon such terms as may be just."

There has been no finding by the lower court that the demurrer was interposed in bad faith or for purposes of delay. In the absence of such finding by the trial court, the statute provides that the right to plead over shall be granted on such terms as shall be just.

The contention of respondent, however, adopted by the lower court, is that appellants admitted in the prior appeal that the material allegations of the complaint were true in fact and the determination of the demurrer would be dispositive of all issues of title. Respondent relies, among other

circumstances, upon certain correspondence between the parties, the findings of the lower court, and a statement in the opinion in the prior appeal to the effect that the pivotal factual issue had been *conceded*.

Appellants contend, on the other hand, that the factual allegations of the complaint were admitted solely for the purposes of demurrer, citing, to support their position, their reservation of the right to answer or otherwise plead and their denial in the reply brief in the prior appeal that they had *conceded* the material facts other than for the purposes of demurrer.

While there are circumstances indicating that the demurrer may have been heard upon the theory that it would dispose of all issues in the case, there are strong circumstances to the contrary. We do not interpret our prior opinion as a finding upon this question and the other facts and circumstances fall short of clearly establishing such concession by appellants.

Absent a clear showing of an admission on the merits of the factual allegations of the complaint, or a finding by the lower court that the demurrer was interposed in bad faith or for purposes of delay, the statute (Section 10-644) required that appellants be granted leave to further plead after demurrer.

Reliance by respondent upon *DePass v. City of Spartanburg,* 190 S. C. 22, 1 S. E. (2d) 904 is misplaced. While it is doubtful that the court in *DePass* considered what is now Section 10-644 in reaching its decision, that decision is clearly distinguishable for the reasons that (1) the defendants failed to exercise the right given to them by the lower court to answer and were in default, and (2) the court found that the defendants had admitted the facts in open court.

The lower court was therefore in error in denying appellants' motion for leave to further plead. The judgment

is accordingly reversed and the cause remanded for entry of an order granting appellants the right to further plead.