20148

William G. HARDEN, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT et al., Appellants.

(221 S. E. (2d) 851)

*Messrs Daniel R. McLeod, Atty. Gen., Joseph C. Cole-man, Dep. Atty. Gen.,* and *Paul S. League, Staff Atty.,* of Columbia, *for Appellants,*

*Daniel A. Speights, Esq.,* of *Glenn, Porter and Sullivan,* Columbia, *for Respondent,*

Jan. 20, 1976.

GREGORY, Justice:

Respondent brought this action pursuant to the provisions of the Uniform Declaratory Judgments Act, Section 10-2001 *et seq.,* South Carolina Code of Laws 1962, and for temporary and permanent injunctive relief. The named defendants are the South Carolina State Highway Department; E. P. Austin, Jr., Director of the Motor Vehicle Division; Captain J. A. Spell and Lieutenant Earl Bennett, Officers of the State Highway Patrol, Divisions of the Department. Appellants are here on appeal from an order of the Richland County Court permanently enjoining appellants from conducting an administrative hearing and changing respondent's driving status pursuant to Section 46-344 of the South Carolina Code of Laws, 1962 as amended, for failure to take the chemical (breathalyzer) test provided for therein. The trial judge granted relief by concluding that Section 46-344, *supra,* under which the appellant, South Carolina Highway

Department, purported to suspend respondent's driving license did not afford him an adequate remedy to contest the suspension and that said statute violated the Fourteenth Amendment to the Constitution of the United States and Article I, Section 3, of the Amended Constitution of the State of South Carolina.

Section 46-344, *supra,* provides in pertinent part as follows:

"(a) Any person who operates a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of intoxicating liquor . . .

"(d) If a person under arrest refuses, upon the request of a law enforcement officer, to submit to a chemical test as provided in subsection (a) of this section, none shall be given, but the State Highway Department, upon the receipt of a sworn report of the law-enforcement officer that the arrested person had been driving upon the public highways of this State while under the influence of intoxicating liquor and that the person had refused to submit to the test and such refusal was witnessed and certified to on the sworn report by a person, other than the arresting officer, trained and certified by the South Carolina Law Enforcement Division to administer such test, shall suspend his license or permit to drive, or any non-resident operating privilege for a period of ninety days. . . . The ninety-day period of suspension shall begin with the day after the date of the notice hereinafter required to be given, unless a hearing be requested as hereinafter provided, in which case the ninety day period shall begin with the day after the date of the order sustaining the suspension or denial of issuance. The sworn report of the arresting officer shall include what grounds he

had for believing that the arrested person had been driving upon the public highways of this State while under the influence of intoxicating liquor.

"(e) Upon suspending the license . . . the South Carolina Highway Department shall immediately notify the person in writing and upon his request shall afford him an opportunity for a hearing as provided by § 46-184, except that the scope of such a hearing for the purposes of this section shall be limited to the issues of whether the person was placed under arrest, whether the person had been informed that he did not have to take the test but that his privilege to drive would be suspended or denied if he refused to submit to the test upon request of the officer. The South Carolina Highway Department shall order that the suspension or determination that there should be a denial of issuance either be rescinded or sustained."

The record shows that respondent was arrested by a South Carolina Highway Patrolman for allegedly violating Section 46-343 of the South Carolina Code of Laws, 1962 as amended, prohibiting driving under the influence of alcohol or drugs. He was offered and refused a breathalyzer test pursuant to Section 46-344, *supra*. Upon receiving a report of refusal, appellants suspended respondent's license to drive. Respondent requested a hearing pursuant to Section 46-344, Subsection (e), *supra*, specifically reserving the right to seek an injunction against the holding of said hearing. His license was then re-instated as required by Section 46-344, Subsection (d), *supra*. By rule to show cause and order, dated February 13, 1975, the Richland County Court restrained appellants from holding the hearing. Served with the rule to show cause and order was respondent's verified complaint, alleging the unconstitutionality of the provision for an administrative hearing in Section 46-344, *supra*. Appellants filed a demurrer to respondent's complaint. Argument was had March 13, 1975 on the rule to show cause, which incidentally sought only temporary relief, restraining

order and demurrer, at which time the judge overruled appellants' demurrer and concluded the matter on the merits without according appellants an opportunity to answer. By order dated March 31, 1975, the Richland County Court ruled that Section 46-344, *supra*, did not afford respondent an adequate remedy to contest the suspension of his driver's license and permanently enjoined appellants from conducting a hearing and from changing respondent's driving status.

Appellants have presented numerous questions on appeal. However, we decline to pass on the exceptions raised as we have determined *ex mero motu* that the Richland County Court lacks jurisdiction. *State v. Gorie,* 256 S. C. 539, 183 S. E. (2d) 334 (1971); *McGlohon v. Harlan,* 254 S. C. 207, 174 S. E. (2d) 753 (1970); *Foster v. Nordman,* 244 S. C. 489, 137 S. E. (2d) 600 (1964); *McCullough v. McCullough,* 242 S. C. 108, 130 S. E. (2d) 77 (1963). "A Court of competent jurisdiction is one having power and authority of law at the time of acting to do a particular act; one that has jurisdiction both of the person and of the subject matter; one provided for in the constitution or created by legislature and which has jurisdiction of the subject matter and of the person; . . ." 21 C. J. S. Courts § 22, p. 35.

The jurisdiction of a court or of a particular judge over the subject matter of a proceeding depends upon the authority granted by the Constitution and laws of the state and is fundamental. Lack of jurisdiction of the subject matter cannot be waived even by consent and therefore such lack can and should be taken notice of by this Court *ex mero motu. State v. Gorie, supra; McCullough v. McCullough, supra; Hunter v. Boyd,* 203 S. C. 518, 28 S. E. (2d) 412 (1943).

The General Assembly established the Richland County Court with such jurisdiction as is provided for by Section 15-764 of the South Carolina Code of Laws, 1962. Although Section 15-764, *supra,* grants to the

Richland County Court concurrent jurisdiction with the circuit court (Court of Common Pleas) in equity matters, this concurrent jurisdiction has limitations as was pointed out in the recent decision of *Martin v. Ellisor,* S. C., 213 S. E. (2d) 732 (1975). The Court held that the Richland County Court was without jurisdiction to order and direct Ellisor, the Executive Director of the South Carolina Election Commission, a State agency, to allow Martin to copy computer tapes of voter registration lists compiled by the Election Commission.

Associate Justice Lewis, now Chief Justice, speaking for the Court in *Martin, supra,* explained the lack of jurisdiction of the county court there as well as here with the following words:

"The appellant is . . . an agency of the State government performing statewide functions. The jurisdiction of the Richland County Court is limited to Richland County; and it necessarily follows that Section 15-764, *supra,* only grants to Richland County Court concurrent jurisdiction with the circuit court in such matters *in Richland County.* As such court of limited jurisdiction, it has no authority to restrain or direct appellant in the performance of his duties for the State government. Any other holding would extend the jurisdiction of the county court beyond its territorial limits and confer upon it the authority to restrain statewide governmental activities."

The appellants are the South Carolina Highway Department, a State agency, and certain officials thereof performing statewide duties and functions. Applying the rationale of *Martin, supra,* to the instant case, the Richland County Court, a court of limited jurisdiction established by statute in and for Richland County only, has no authority to permanently enjoin appellants from the mandates of Section 46-344, *supra.*

Accordingly, the judgment of the lower court is reversed for lack of jurisdiction and the complaint dismissed.

Lewis, C. J., and Littlejohn, J., concur.

Ness and Rhodes, JJ., dissent.

Rhodes, Justice (dissenting).

I dissent from the majority opinion. I feel *Martin v. Ellisor,* 264 S. C. 202, 213 S. E. (2d) 732 (1975), is factually and legally distinguishable, and does not control the disposition of this appeal. The instant case involved acts within Richland County and the injunction issued by the trial judge was not general in application but restricted to Harden only. The pertinent part of the order states:

*"It is ordered,* that the Defendants [appellants] are permanently enjoined from conducting such a hearing with regard to the Plaintiff's [Harden] alleged refusal to take the chemical test on January 1, 1975, and further enjoined from changing the Plaintiff's driving status for his alleged refusal to take such a test."

Martin involved the interpretation of a provision in the Freedom of Information Act (FOIA), S. C. Code § 1-20 *et seq.* (1962). The purpose of the suit was to obtain a copy of computer tapes containing the names of all registered voters in South Carolina. Additionally, the FOIA expressly provided that "[a]ny citizen of the State may apply to the *circuit court* for injunctive relief to enforce the provisions of this article in appropriate cases." (emphasis added) S. C. Code § 1-20.4 (1962).

Therefore, I would reverse and remand on the ground that there exists no basis in this record which justified the refusal of the trial judge to allow appellants to answer on the merits after he had overruled the demurrer interposed by them. S. C. Code § 10-644 (1962); See *Conch Creek Corp. v. Guess, S. C.,* 219 S. E. (2d) 575 (1975) (1975, Smith's Advance Sheets No. 31).

Ness, J., concurs.