## 20429

STATE of South Carolina ex relatione Daniel R. McLEOD, Attorney General of South Carolina, Petitioner, v. The CIVIL AND CRIMINAL COURT OF HORRY and Harry Hardy, Respondents.

(235 S. E. (2d) 291)

*Messrs. Daniel R. McLeod, Atty. Gen., John P. Wilson* and *Kenneth L. Childs, Asst. Attys. Gen.,* of Columbia, *for Petitioner.*

*Messrs. James P. Stevens* and *J. Jackson Thomas,* of *Stevens, Stevens & Thomas,* Loris, *for Respondents.*

May 16, 1977.

*Per Curiam:*

This matter was instituted in the original jurisdiction of this Court upon the verified petition of the Attorney General of South Carolina seeking the review, by way of a writ of *certiorari,* of an order of the Civil and Criminal Court of Horry in a proceeding entitled *Harry Hardy v. City of Myrtle Beach, a body politic.* The action sought to declare invalid portions of the South Carolina Constitution but the State of South Carolina was not made a party and the Attorney General was neither served nor afforded an opportunity to be heard.

The lower court's order purports to declare a portion of Article 17, Section 7 of the South Carolina Constitution invalid as violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution. The lower court, in effect, declared that respondent Hardy's bingo operation was not a lottery prohibited by the laws of this State. The order grants an injunction restraining the enforcement of all State laws and local ordinances which were enacted to comply with the direction of Article 17, Section 7 of the South Carolina Constitution.

The Civil and Criminal Court of Horry was clearly without jurisdiction to entertain this action. It is a court of limited jurisdiction and has no authority to restrain the enforce-

ment of ordinances and laws enacted to comply with the State Constitution. Any other holding would extend the jurisdiction of the lower court beyond its territorial limits and confer upon it the authority to restrain statewide governmental activities. *See Martin v. Ellisor,* 264 S. C. 202, 213 S. E. (2d) 732, 734 (1975).

The Civil and Criminal Court of Horry was without jurisdiction in this matter. The action should have been instituted in the circuit court. The judgment of the lower court is accordingly reversed and the complaint dismissed.