■ In the Matter of EDWARD S., Appellant. — In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County, dated April 27, 1979, which adjudged that appellant is a juvenile delinquent and placed him on probation for a period of one year. Order reversed, on the law, without costs or disbursements, and petition dismissed. Appellant was arrested after being found next to stolen merchandise that had just been taken from an adjacent warehouse. The arresting officer had also allegedly seen appellant on the roof of the 20-foot high warehouse, dropping certain items to people below. A petition was filed pursuant to article 7 of the Family Court Act, alleging that appellant was a juvenile delinquent in that he did an act which if done by an adult would constitute the crimes of burglary in the third degree (Penal Law, § 140.20), grand larceny in the third degree (Penal Law, § 155.30), criminal trespass in the third degree (Penal Law, § 140.10) and criminal mischief in the third degree (Penal Law, § 145.05). After the close of the petitioner's case at the fact-finding hearing, the grand larceny charge was reduced to petit larceny (Penal Law, § 155.25) and the criminal mischief charge was reduced from third degree to fourth degree (Penal Law, § 145.00). At the completion of the hearing, the court denied the Law Guardian's motion to dismiss the petition for failure to establish appellant's guilt beyond a reasonable doubt. The Family Court Judge found that the only charge established beyond a reasonable doubt was criminal possession of stolen property in the third degree (Penal Law, § 165.40). The Law Guardian objected to this finding on the basis that it had not been charged in the petition but the court ruled that it was a lesser included offense of petit larceny. Following a dispositional hearing, appellant was placed on probation for one year. The primary issues are whether the provisions of the CPL relating to lesser included offenses apply to juvenile proceedings and if so, whether criminal possession of stolen property in the third degree is a lesser included offense of petit larceny. It has been held by the United States Supreme Court that not all rights afforded to adults shall be given to juveniles; the determining factor is fundamental fairness *(McKeiver v Pennsylvania,* 403 US 528). New York courts have thus applied the CPL to juvenile proceedings on a case-by-case

provision-by-provision basis *(Matter of Tony W.,* 91 Misc 2d 700, 701). Failure to extend a juvenile the benefit of a particular CPL section "based solely upon age, without other justification, denies both due process and the equal protection of the law" *(Matter of Eric R.,* 34 AD2d 402, 403). The lesser included offense provisions of the CPL have previously been applied to a juvenile *(Matter of Anthony F.,* 68 Misc 2d 718, 721). We concur in this determination. It must therefore be determined whether criminal possession of stolen property in the third degree is actually a lesser included offense of petit larceny. Both crimes have been statutorily designated as class A misdemeanors. In *People v Lambertis* (65 AD2d 802) this court held that neither of these crimes might constitute a lesser offense of the other. The Court of Appeals had previously held that equivalent offenses, in terms of their statutory grades, cannot be lesser included offenses of one another *(People v Weathersby,* 44 NY2d 686). Therefore, it was improper to find that appellant committed the offense of criminal possession of stolen property in the third degree. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.