■ In the Matter of MATTHEW P., a Person Alleged to be a Juvenile Delinquent.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: A designated felony act petition was filed against respondent requesting that he be adjudicated a juvenile delinquent because he had committed an act which if committed by an adult would constitute the crime of sodomy in the first degree as defined by Penal Law § 130.50 (3). Respondent was subsequently determined to be an incapacitated person, and a hearing was held to determine whether there was probable cause to believe that respondent committed an act which would be a crime if committed by an adult *(see,* Family Ct Act §§ 301.2, 322.2). At the conclusion of the hearing, the court did not find probable cause to believe that respondent committed the crime of sodomy in the first degree (Penal Law § 130.50 [3]) but, rather, found probable cause to believe that respondent committed

the crime of sexual abuse in the first degree (Penal Law § 130.65 [3]).

Respondent contends that the court's finding of probable cause in this regard cannot serve as a basis for his commitment to the custody of the Commissioner of Mental Retardation and Developmental Disabilities because sexual abuse in the first degree is not a lesser included offense of sodomy in the first degree. We agree. Sexual abuse in the first degree contains an intent element not required for conviction of sodomy in the first degree, and thus it is theoretically possible to commit sodomy in the first degree without concomitantly committing sexual abuse in the first degree (see, People v Wheeler, 67 NY2d 960, 962; People v Cirina, 143 AD2d 763, lv denied 73 NY2d 854; People v Renna, 132 AD2d 981; People v Saddlemire, 121 AD2d 791, lv denied 68 NY2d 917). Since the petition did not charge respondent with sexual abuse in the first degree and it is not a lesser included offense of the crime charged in the petition, the court's finding of probable cause with regard to this uncharged act may not serve as a basis for respondent's commitment to the custody of the Commissioner of Mental Retardation and Developmental Disabilities (see, Matter of Edward S., 80 AD2d 585, 586).

Accordingly, the petition must be dismissed. (Appeal from order of Oneida County Family Court, Flemma, J.—juvenile delinquency.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.