■ In the Matter of CHRISTOPHER E., Alleged to be a Juvenile Delinquent, Appellant. JAMES E. KONSTANTY, as Otsego County Attorney, Respondent.—Yesawich, Jr., J. Appeal from an order* of the Family Court of Otsego County (Kepner, Jr., J.), entered May 8, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On December 5, 1988, a fire in the Worcester Central High School in Otsego County damaged the school's auditorium. Respondent admitted that he ignited a piece of paper located on a cart in the auditorium in response to his friend's goading. Subsequently, a petition was filed to have respondent adjudged a juvenile delinquent for committing an act that, if committed by an adult, would constitute the crime of arson in the second degree (Penal Law § 150.15). After a hearing, Family Court concluded that reasonable doubt existed regarding whether respondent had committed arson, but *sua sponte* determined that the facts supported a finding that respondent had committed criminal mischief in the fourth degree (Penal Law § 145.00 [1]). Accordingly, it found respondent to be a juvenile delinquent, placed him on probation for two years, and ordered him to make restitution in the amount of $250. Respondent maintains that reversal is required because Family Court impermissibly substituted a crime for that charged in the petition which was not a lesser included offense of the charged crime. We agree.

Family Court may adjudge a juvenile to be delinquent upon any lesser included offense of that originally charged in the petition *(Matter of Raymond O.,* 31 NY2d 730, 731; *see,* CPL 360.50 [2]; *compare, Matter of Matthew P.,* 161 AD2d 1195; *Matter of Edward S.,* 80 AD2d 585, 586; *Matter of Anthony F.,* 68 Misc 2d 718, 720). Criminal mischief in the fourth degree is not, however, a lesser included offense of arson in the second degree because it is possible to commit the greater crime, for example, by setting fire to one's own residence, without concomitantly committing the lesser *(see, People v Glover,* 57 NY2d 61, 63).

And, as for petitioner's suggestion that we are at liberty to

* While respondent mistakenly appealed from the interlocutory fact-finding order, which is not appealable as of right *(see,* Family Ct Act § 1112 [a]), we hereby grant respondent leave to appeal that order *sua sponte (see, Matter of Beaudoin v George D.,* 145 AD2d 879, 880).

modify the order to reflect a finding, allegedly justified by the evidence, of reckless endangerment in the second degree (Penal Law § 120.20) or reckless endangerment of property (Penal Law § 145.25), it suffices to say that inasmuch as respondent was acquitted of the crime charged, we are powerless to do so *(see, People v Luther,* 61 NY2d 724, 726).

Order reversed, on the law, with costs, and petition dismissed. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.