2279

In the Interest of TERRENCE M.,
a minor under the age of 17 years, Appellant.
(452 S.E. (2d) 626)

Court of Appeals

*Asst. Appellate Defender Robert M. Dudek,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen., Harold M. Coombs, Jr.,* and *Asst. Atty. Gen., Alexandria B. Skinner,* Columbia, and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard Nov. 1, 1994.

Decided Dec. 12, 1994.

CURETON, Judge:

Appellant, a juvenile, was adjudicated delinquent for the commission of second-degree arson, and committed to the custody of the South Carolina Department of Youth Services (DYS) for an indeterminate period not to exceed his twenty-first birthday. He appeals. We vacate the adjudication.

The preprinted juvenile petition charged the appellant with violation of S.C. Code Ann. § 16-11-110 (1976). The petition did not specify a degree of arson, but it is undisputed that the charge was for second-degree arson, that being the willful and malicious burning of a dwelling house under S.C. Code Ann. § 16-11-110(B) (1985). At the close of the evidence, the appellant moved for a directed verdict on the ground that, as a matter of law, an unoccupied mobile home is not a "dwelling house" as required for second-degree arson and, at most, the evidence indicated third-degree arson [i.e., § 16-11-110(C)]. To avoid the "dwelling house" issue, Judge Fanning found the appellant had violated § 16-11-120 as a lesser included offense of § 16-11-110. The General Assembly repealed § 16-11-120 approximately nine and one half years before the offense alleged in this case. *See* Act No. 449, § 4, 1982 S.C. Acts 2526 (eff. June

9, 1982) (hereinafter referred to as the 1982 Act).[1] No one raised this "repealed statute" problem at trial, nor in any of the subsequent proceedings related to this matter.

On appeal, the appellant never mentions this "repealed statute" problem; he argues only that an unoccupied mobile home is not a dwelling place. The State notes the repeal of § 16-11-120, but it argues that Judge Fanning implicitly corrected this mistake in his written orders and during a subsequent hearing by finding the appellant guilty of second-degree arson. Upon our review of the record, we find no indication that Judge Fanning ever realized or corrected this "repealed statute" problem. Indeed, his written orders specifically state that the appellant violated § 16-11-120. We further note that Judge Watson likewise cited § 16-11-120 in his order remanding the appellant to the custody of DYS. Accordingly, we find the State's "implicit correction" argument to be manifestly without merit.

Thus, the question arises as to what was the effect of the repeal of Section 16-11-120 which was the basis for the second-degree arson conviction. The general rule is that the repeal of a statute operates retrospectively, and has the effect of blotting it out as completely as if it had never existed and of putting an end to all proceedings under it. *Taylor v. Murphy*, 293 S.C. 316, 360 S.E. (2d) 314 (1987). *McGlohon v. Harlan*, 254 S.C. 207, 174 S.E. (2d) 753 (1970); *Marshall v. Richardson*, 240 S.C. 318, 125 S.E. (2d) 639 (1962); 82 C.J.S.

---

[1]Prior to the 1982 Act, South Carolina had two arson statutes relating to buildings: (1) S.C. Code Ann. § 16-11-110 (1976) (later amended), which made it unlawful to wilfully and maliciously set fire to a dwelling house or associated building; and (2) S.C. Code Ann. § 16-11-120 (1976) (repealed), which made it unlawful to wilfully and maliciously set fire to other kinds of buildings. These statutes did not describe the offense in terms of degrees of arson.

The 1982 Act amended § 16-11-110 to set forth three degrees of arson. The 1982 Act added the offense of first-degree arson under § 16-11-110(A) and recodified the earlier version of § 16-11-110 as second-degree arson under ¶ 16-11-110(B) with the same punishment of two to twenty years. It repealed § 16-11-120 but essentially recodified it as § 16-11-110(C) (third-degree arson) with the same punishment of one to ten years. The distinguishing difference between subsections (B) and (C) is whether the building was a "dwelling house" or associated building, this being the same distinguishing difference that existed between the former version of § 16-11-110 and the repealed version of § 16-11-120.

The 1982 Act did not provide a savings clause which is generally the case if the old Section is not intended to be superseded.

*Statutes* §§ 434 and 439 (1953). After a statute has been repealed, the court has no jurisdiction over a prosecution for the violation of the repealed offense and no jurisdiction to pronounce sentence. *State v. Lewis*, 33 S.E. 351 (S.C. 1899); *State v. Mansel*, 52 S.C. 468, 30 S.E. 481 (1898); *see also City of Monmouth v. Lawson*, 345 Ill. App. 44, 102 N.E. (2d) 188 (1951) (Where a criminal statute is repealed without a saving clause, the court cannot pronounce, enforce or inflict punishment for violation of a nonexisting statute). In fact, all proceedings of a court lacking jurisdiction are a nullity, and its judgment has no effect. *DeWitt v. S.C. Dept. of Highways & Public Transp.*, 274 S.C. 184, 262 S.E. (2d) 28 (1980). Moreover, the lack of subject matter jurisdiction is an issue which can be raised at any time, cannot be waived even by consent, and should be taken notice of by this Court on our own motion. *State v. Richburg*, 304 S.C. 162, 403 S.E. (2d) 315 (1991); *State v. Gorie*, 256 S.C. 539, 183 S.E. (2d) 334 (1971); *Eichor v. Eichor*, 290 S.C. 484, 351 S.E. (2d) 353 (Ct. App. 1986).

Pursuant to the foregoing analysis, it is the judgment of this court that the adjudication based upon the repealed arson statute be vacated for lack of jurisdiction.

Vacated.

CONNOR, J., and HOWARD, Acting Judge, concur.