531 S.E.2d 544

**In the Interest of JASON T., a minor under
the age of seventeen (17), Appellant.**

**No. 3164.**

Court of Appeals of South Carolina.

Submitted April 10, 2000.
Decided May 22, 2000.

Senior Assistant Appellate Defender Wanda H. Haile, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Holman C. Gossett, of Spartanburg, for respondent.

HEARN, Chief Judge:

Jason T. appeals, asserting the family court was without jurisdiction to accept his guilty plea to receiving stolen goods. We agree and vacate.[1]

## FACTUAL/PROCEDURAL HISTORY

While outside his school's gym, Jason observed another juvenile stealing a coat and jewelry from a car. The other juvenile gave Jason the coat, presumably to ensure his silence. Jason was later seen wearing the coat.

An assistant solicitor filed a juvenile petition charging Jason with petit larceny. When Jason appeared before the family court, however, he pled guilty to receiving stolen goods.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Jason's appellate counsel filed an appeal and a petition to be relieved as counsel. This court denied counsel's petition to be relieved and ordered the parties to brief the issue of whether the family court lacked subject matter jurisdiction to accept Jason's guilty plea.

## LAW/ANALYSIS

Jason contends the family court lacked subject matter jurisdiction to accept his guilty plea and adjudicate him delinquent on the charge of receiving stolen goods when the juvenile petition charged him with petit larceny. We agree.[2]

In a court of general sessions,[3] with the exception of certain minor offenses, the circuit court lacks subject matter

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Issues related to subject matter jurisdiction may be raised at any time and may be raised *sua sponte* by the court. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998); *see also In re Terrence M.*, 317 S.C. 212, 215, 452 S.E.2d 626, 627 (Ct.App.1994).

3. We recognize that juvenile delinquency proceedings in family court do not require presenting an indictment to a grand jury, unlike criminal cases in circuit court. Nevertheless, we find the practice followed in a court of general sessions provides useful instruction in resolving the case at bar.

jurisdiction to accept a guilty plea unless there is an indictment sufficiently stating the offense, there is a waiver of indictment, or the charge pled to is a lesser included offense of the crime charged in the indictment. *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). Any waiver of presentment must be in writing. *See Summerall v. State*, 278 S.C. 255, 294 S.E.2d 344 (1982); *see also* S.C.Code Ann. §§ 17–23–130 to –140 (1985).

■ For an indictment to be valid, it must state the offense with sufficient certainty and particularity to enable the defendant to know what he is called upon to answer. *Carter*, 329 S.C. at 362–3, 495 S.E.2d at 777. This requirement that a defendant receive notice of the charges against him is rooted in due process. *See State v. Butler*, 277 S.C. 452, 456, 290 S.E.2d 1, 3 (1982), *overruled in part on other grounds by State v. Torrence*, 305 S.C. 45, 69 n. 5, 406 S.E.2d 315, 329 n. 5 (1991).

■ These same due process concerns extend to juvenile proceedings. Our supreme court has held that the fairness and due process requirements that ensure an adult criminal defendant will receive sufficient notice of the charges against him also apply to juvenile matters. *In re Corey B.*, 291 S.C. 108, 109–10, 352 S.E.2d 470 (1987) (holding a juvenile cannot be found guilty of a greater offense than alleged in the petition); *see also In re Gault*, 387 U.S. 1, 30–33, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (holding the due process protections requiring notice of the alleged charges extends to juveniles); *In re Arisha K.S.*, 331 S.C. 288, 293, 501 S.E.2d 128, 131 (Ct.App.1998) ("[A] child in a juvenile proceeding has a right to fundamental due process and thus, our courts must ensure that due process and fair treatment surround a juvenile's plea of guilty.").

■ Based on the due process protections governing juvenile proceedings and the exemplary procedure employed in courts of general sessions to preserve adults' due process rights, we now hold that a family court lacks subject matter jurisdiction to adjudicate a juvenile delinquent for a charge

not alleged in the juvenile petition unless the adjudication is for a lesser included offense or there has been a written waiver of notice.[4] Consequently, the notice requirement is not satisfied by merely serving notice of a delinquency proceeding without notifying the juvenile and his parents of the charges to be considered at the family court hearing. *See In re Gault,* 387 U.S. at 33, 87 S.Ct. 1428. To hold otherwise would violate a juvenile's due process right to notice. *See In re Gault,* 387 U.S. at 33, 87 S.Ct. 1428 (holding due process protections extend to juveniles and require a child and his parents or guardian to be notified in writing, and sufficiently in advance of the hearing, of the specific charge or factual allegations to be considered at the hearing); *In re Corey B.,* 291 S.C. at 109–10, 352 S.E.2d at 470.

■ In the present case, Jason appeared before the family court on a petition charging him with petit larceny. However, Jason pled guilty to receiving stolen goods. There is no indication in the record that Jason or his parents waived his right to notice. Furthermore, receiving stolen goods is not a lesser included offense of petit larceny. *See State v. Martin,* 278 S.C. 256 n. 1, 294 S.E.2d 345 n. 1 (1982) (noting that receiving stolen goods is not a lesser-included offense of larceny). Therefore, the family court lacked subject matter jurisdiction to accept Jason's guilty plea and adjudicate him delinquent for receiving stolen goods.

---

4. Several other jurisdictions, although not specifically addressing this issue in the context of a guilty plea, are in accord with our holding. *See, e.g., In re Davis,* 114 N.C.App. 253, 441 S.E.2d 696 (1994) (holding the trial court cannot adjudicate a juvenile delinquent on a charge different than the charge listed in the juvenile petition, unless it is a lesser included offense or there has been a waiver, because it violates the juvenile's due process right to advance written notice of the charge to be considered by the trial court); *D.P. v. State,* 129 Ga.App. 680, 200 S.E.2d 499 (1973) (holding a juvenile may not be adjudicated delinquent for an offense which is neither the crime charged in the juvenile petition nor a lesser included offense of the charge); *D.M.M. v. State,* 275 So.2d 308, 310 (Fla.Dist.Ct.App.1973) (holding due process "will not permit a juvenile to be adjudged a delinquent child on the basis of violations of law not alleged in the petition of delinquency"); *In re Christopher E,* 171 A.D.2d 976, 567 N.Y.S.2d 918 (1991) (holding the family court improperly adjudged a juvenile delinquent for a crime not charged in the petition and not a lesser included offense).

460

For the foregoing reasons, the family court's adjudication is **VACATED.**

STILWELL, J., and MOREHEAD, Acting Judge, concur.