THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Interest Of:  S., Damion, A Juvenile under the Age of Seventeen,       
Appellant.
 
 
 

Appeal From Richland County
Marion D. Myers, Family Court Judge

Unpublished Opinion No. 2005-UP-302
Heard February 8, 2005  Filed April 27, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Deborah R. J. Shupe; and Solicitor Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

STILWELL, J.:  Damion S. pled guilty in family court to first-degree burglary, safecracking, grand larceny, and two counts of second-degree burglary.  On appeal, he argues the family court lacked subject matter jurisdiction to accept the guilty pleas because the juvenile petitions were insufficient.  
We affirm[1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  State v. Gentry, Op. No. 25949 (S.C. Sup. Ct. filed March 7, 2005) (Shearouse Adv. Sh. No. 11 at 37) (holding circuit courts have subject matter jurisdiction to try criminal matters and questions of the insufficiency of an indictment not affecting the subject matter jurisdiction of the trial court may not be raised for the first time on appeal); In the Interest of Jason T., 340 S.C. 455, 531 S.E.2d 544 (Ct. App. 2000) (extending the same due process analysis to juvenile proceedings as apply to adult criminal defendants in general sessions court), overruled on other grounds by State v. Gentry, Op. No. 25949 (S.C. Sup. Ct. filed March 7, 2005) (Shearouse Adv. Sh. No. 11 at 37).  
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.